**W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Plaintiff-Appellant,**

v.

**LEON'S AUTO PARTS COMPANY, Inc., et al., Defendants-Appellees.**

No. 26744.

United States Court of Appeals
Fifth Circuit.
Feb. 10, 1969.

Charles Donahue, Sol. of Labor, Dept. of Labor, Washington, D. C., Beverley R. Worrell, Roger J. Martinson, Attys., Dept. of Labor, Atlanta, Ga., Robert E. Nagle, Atty., Dept. of Labor, Washington, D. C., Bessie Margolin, Associate Sol., Phyllis Le Roy Morgan, Attorney, United States Department of Labor, Washington, D. C., Regional Attorney, for appellant.

Harry Dicus, Young & Dicus, Columbus, Ga., for appellees.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

The Secretary of Labor brought this action against Leon's Auto Parts Company and its president, Leon B. Murdock, to recover unpaid overtime compensation due two employees, under Section 16(c) of the Fair Labor Standards Act, 29 U.S. C.A. § 201 et seq. At the close of all of the evidence the Secretary's motion for a directed verdict was denied. The jury returned a verdict for both defendants. The Secretary thereupon moved for judgment notwithstanding the verdict, or in the alternative for a new trial. The District Court denied both motions and the Secretary appealed. We reverse.

Having studied the briefs and record, we have determined that this appeal is appropriate for summary disposition without oral argument. Pursuant to new Rule 18 of the Rules of the United States Court of Appeals for the Fifth Circuit, the Clerk of this Court has been directed to put this case on the summary calendar and notify the parties in writing.[1]

McDonald, a mechanic, and Jones, a delivery man and mechanic's helper, the employees of Leon's Auto Parts whose wages are in question, concededly worked during the period in question in excess of forty hours a week.

The defense interposed was that these employees were paid the *equivalent* of an hourly rate, at least equal to the statutory minimum, plus time and a half that rate for weekly hours over forty. The employer worked it this way. An employee was hired on the basis of the weekly take home pay he was to receive and then the bookkeeper was informed of this figure and the approximate number of hours that were to be worked each week. Using the approximated weekly hours, net pay and number of dependents the bookkeeper would then determine what gross pay would yield the stated net pay. An hourly rate was then calculated by dividing the gross pay by forty hours plus one and one-half times the number of overtime hours the employee was expected to work. The company's records showed that fifty seven hours per week were normally recorded for McDonald, and fifty one hours per week were normally recorded for Jones for his first three months and fifty four hours per week thereafter. Counsel for the defendants conceded that both employees worked at least fifty seven hours per week.

No mention of an hourly rate was made when the employees were hired. There were no written contracts of employment. There is no doubt that the weekly salary was meant by the employer to compensate the employees for an average work week of fifty seven hours.

As we pointed out in Nunn's Battery & Electric Co. v. Goldberg, 5 Cir. 1962, 298 F.2d 516, 519:

When employees regularly work more than forty hours a week and receive a standard wage each week the question arises whether the weekly payment genuinely represents payment at a regular rate for the first forty hours plus time and a half for the excess

---

In order to establish a docket control procedure, the Fifth Circuit adopted new Rules 17–20 on December 6, 1968. All four of these new rules are reproduced in the Appendix to this opinion. For a general discussion of the need for and propriety of summary review of certain appeals, see Groendyke Transport, Inc. v. Davis, 5th Cir., 1969, 406 F.2d 1158.

hours or, instead, represents a single wage rate applied to the first forty hours and the excess hours uniformly. Courts have often disregarded an employer's assertions of overtime payment system and have found that a fixed weekly wage covered all working hours indiscriminately. Walling v. Helmerick & Payne, Inc. [323 U.S. 37, 65 S.Ct. 11, 89 L.Ed. 29] supra; Overnight Motor Transp. Co. v. Missel, 1942, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682; Beechwood Lumber Co. v. Tobin, 5 Cir. 1952, 199 F.2d 878; Bibb Mfg. Co. v. Walling, 5 Cir. 1947, 164 F.2d 179, cert. denied, 333 U.S. 836, 68 S.Ct. 607, 92 L.Ed. 1121.

The record is bare with respect to any underlying agreement between the company and the employees with reference to an hourly rate of compensation for the first forty hours worked in each week. "We conclude that such an agreement relating to the regular rate is crucial when an employee pays a flat monthly [weekly] salary for an average work week of more than forty hours." Triple AAA Company v. Wirtz, 10 Cir. 1967, 378 F.2d 884, 886, 887.

It was undisputed that there was no record kept by the company of the actual daily or weekly hours worked by each employee, nor was there any variation in pay when the employees worked over their anticipated number of hours.

Two indispensable factors for compliance with this statute are missing * * * (1) an explicit understanding between the parties as to the existence of a regular wage rate that is stepped up for overtime hours and (2) a careful practice of recording the hours worked overtime by each employee and paying him for them at the increased rate. *Nunn's Battery, supra* at 520.

■■ Clearly the defense asserted in this case was legally insufficient. There simply was no evidence that would authorize a verdict for the defendants. "When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by * * * directed verdict * * * without submission to the jury, or by judgment notwithstanding the verdict." Brady v. Southern Ry. Co., 1943, 320 U.S. 476, 479–480, 64 S.Ct. 232, 88 L.Ed. 239; Hogan v. United States, 5 Cir. 1963, 325 F.2d 276; Schrader v. Prudential Insurance Co. of America, 5 Cir. 1960, 280 F. 2d 355; Texas Co. v. Savoie, 5 Cir. 1957, 240 F.2d 674; Cardwell v. United States, 5 Cir. 1951, 186 F.2d 382; Marsh v. Illinois Cent. R. Co., 5 Cir. 1949, 175 F.2d 498.

On the basis of the fifty seven hours' work per week by each employee, conceded by defendant's counsel, the Secretary's motion for judgment notwithstanding the verdict should have been granted.

The judgment of the District Court is reversed and the case remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

## APPENDIX

### RULES OF THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

#### RULE 17
#### DOCKET CONTROL

In the interest of docket control, the chief judge may from time to time, in his discretion, appoint a panel or panels to review pending cases for appropriate assignment or disposition under Rules 18, 19 or 20 or any other rule of this court.

#### RULE 18
#### SUMMARY CALENDAR

(a) Whenever the court, sua sponte or on suggestion of a party, concludes that a case is of such character as not to justify oral argument, the case may be placed on the summary calendar.

(b) A separate summary calendar will be maintained for those cases to be con-

sidered without oral argument. Cases will be placed on the summary calendar by the clerk, pursuant to directions from the court.

(c) Notice in writing shall be given to the parties or their counsel of the transfer of the case to the summary calendar.

## RULE 19
## MOTION TO DISMISS OR AFFIRM

Within fifteen days after the appeal has been docketed in this court, the appellee may file a motion to dismiss or a motion to affirm. Where appropriate, a motion to affirm may be united in the alternative with a motion to dismiss. The fifteen day provision may be waived by the court on proper showing of reasonable excuse for delay in filing a motion to dismiss or affirm, upon such terms and conditions as the court may prescribe, or such waiver may be granted sua sponte on the part of the court.

(a) The court will receive a motion to dismiss any appeal on the ground that the appeal is not within the jurisdiction of this court.

(b) The court will receive a motion to affirm the judgment sought to be reviewed on the ground that it is manifest that the questions on which the decision of the cause depends are so unsubstantial as not to need further argument.

The motion to dismiss or affirm shall be filed with the clerk in conformity with Rule 27 of the Federal Rules of Appellate Procedure.

The appellant shall have ten days from the date of receipt of the motion to dismiss or affirm within which to file a response opposing the motion. Such response may be typewritten and four copies, with proof of service, shall be filed with the clerk. Upon the filing of such response, or the expiration of the time allowed therefor, or express waiver of the right to file, the record on appeal, motion and response shall be distributed by the clerk to the court for its consideration.

After consideration of the papers distributed pursuant to the foregoing paragraph the court will enter an appropriate order.

The time for filing briefs pursuant to Rule 31 of the Federal Rules of Appellate Procedure shall not be tolled or extended by the filing of a motion to dismiss or affirm.

## RULE 20
## FRIVOLOUS AND UNMERITO-RIOUS APPEALS

If upon the hearing of any interlocutory motion or as a result of a review under Rule 17, it shall appear to the court that the appeal is frivolous and entirely without merit, the appeal will be dismissed without the notice contemplated in Rules 18 and 19.