Manuel FLORES HERNANDEZ,
Plaintiff-Appellee,

v.

65 de INFANTERIA THOM McAN,
INC., et al., Defendants-Appellants.

No. 74–1190.

United States Court of Appeals,
First Circuit.

Argued Feb. 5, 1975.

Decided May 14, 1975.

Heber E. Lugo, Santurce, P. R., with whom Morales, Cordero, Ruiz & Lugo, Santurce, P. R., was on brief, for defendants-appellants.

Ismael Delgado Ganzalez, Santurce, P. R., for plaintiff-appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

LEVIN H. CAMPBELL, Circuit Judge.

Appellants are corporations organized under the laws of New York or Delaware and engaged in Puerto Rico in the retail sale of footwear under the name of Thom McAn.[1] Appellee, Flores Hernandez, a resident of Puerto Rico, was in the employ of each of them at different times within the period from November 1959 to February 1970, serving variously as salesman trainee, salesman, assistant manager and store manager. In April 1970, having ceased his employment as manager of 65 de Infanteria Thom McAn, Inc., and being no longer employed by any Thom McAn affiliate, he sued appellants in the Superior Court of Puerto Rico for overtime compensation that was allegedly due him under the Puerto Rico Minimum Wage Act, 29 L.P. R.A. § 274. Appellants removed the action to the district court which, after a trial without jury, awarded judgment for $18,801.36. We affirm.

The parties stipulated that the only period in dispute was from February 1960 to January 1965, during which time appellee worked as a salesman at two Thom McAn shoe stores and as an assistant manager at two others. As one of four assignments of error appellants contend that recovery for this period is barred by the statute of limitations.

The applicable limitations period is defined by 29 L.P.R.A. § 246d(a), which

1. The corporations are all subsidiaries of a common parent. *See infra.*

provides that "The right to institute an action to recover wages . . . shall prescribe upon the lapse of three years . . . from the date the employee ceased in his employment with the employer." Appellants argue that since each store is individually incorporated, appellee "ceased his employment" and the three year period began to run each time appellee moved from one Thom McAn store to another.

The district court, however, found that

"[t]he fact of the matter is that each of these corporations are subsidiaries of the Melville Shoe Corporation. Based on the evidence, it is clear that the plaintiff had no choice as to which store he worked at and transfers from store to store were made by the parent corporation, Melville, through its area manager in Puerto Rico. It is also evident that the duties of salesmen, assistant manager, and manager were the same as to the different stores. All reports relative to inventory, comparative sales, and the like were sent to the home office of Melville Shoe Corporation in Worcester, Massachusetts. The procedural manual that outlined the duties and responsibilities of the employees was the same as to all of the stores. The plaintiff, at all times, felt that he was working for Thom McAn, Inc., and he was never advised that each store was to be considered as a separate and distinct employer. Under these facts, I rule that the Melville Shoe Corporation is the employer corporation for purposes of this action and that the statute of limitations started to run on February 11, 1970, when the plaintiff left the employ of Melville Shoe Corporation as manager of 64 De Infanteria Thom McAn, Inc."

Computed in this manner, appellee's action was well within the limitations period.

Section 246d permits claims for up to ten years of back wages to be brought at any time within 3 years of leaving one's employer's service.[2] An employee may thus be compensated for work performed as long as thirteen years in the past, even though he made no previous claim. Behind this extended period appears to be a recognition of the disincentives to claiming overtime compensation while still employed by the same master. *Cf.* *Agostini v. Superior Court,* 82 P.R.R. 213, 219 (1961) (sixteenth century Spanish Law from which Puerto Rican limitations provision is derived was premised on recognition that disadvantaged worker "would never dare to sue his master without running the risk of losing his job and therefore a period of three years from the date on which the worker became free of his employer's influence was established").

That policy would be thwarted in Flores Hernandez' case were he to be required to have made his claim for 1965 and previous years while still employed by a Thom McAn affiliate. He testified that he never demanded overtime because he was afraid of being fired. Appellants have cited no contrary construction of § 246d by the Puerto Rican courts, and we can see no reason to limit the term "employer" to a meaning at variance with the policies underlying Puerto Rico's limitations statute. The district court's interpretation is consistent with the realities of the situation, and is not unfair to Melville.

Appellant's second contention is that appellee was not entitled to overtime compensation because he was an exempt "administrative employee" as defined in 29 C.F.R. § 541.2.[3] *See* 23 Fed.Reg. 8963 (1958), *amending* 14 Fed. Reg. 7706 (1948); 26 Fed.Reg. 8636 (1961); 28 Fed.Reg. 9505 (1963). The district court expressly ruled that appellee was not exempt as an executive employ-

---

2. An employer under applicable Puerto Rico law is defined as "every natural or artificial person of whatever nature who or which, whether or not for profit, employs any number of . . . employees, or allows them to work for compensation of any sort". 29 L.P. R.A. § 246h.

3. The federal definitions were made applicable to interpreting the Puerto Rico Minimum Wage Act by 29 R. & R.P.R. § 286–2 (Jan. 15, 1960).

ee under 29 C.F.R. § 541.1, but appellants contend that it erred in failing to find exemption under the companion provision.

Even if someone in a position such as appellee might qualify as an administrative employee, *see* 29 C.F.R. § 541.201, the district court's subsidiary findings preclude appellee from being so considered. Administrative employees, like executive employees, must customarily and regularly exercise discretion and independent judgment, *id.* § 241.2(b), but the court found "no evidence . . . that plaintiff, as assistant manager, customarily and regularly exercised discretionary powers." Moreover, in order to qualify for the exemption an employee may not devote more than 40% of his working time to non-administrative, or non-executive, activities. *Id.* §§ 541.2(d), 541.1(e). The court found that Flores Hernandez "probably devoted about half of his time to managerial duties when he was assistant manager and about half of his time to a salesman's duties." These findings dispose of appellants' second claim.

The remaining claims of error concern the computation of damages. Appellants argue that the district court used the wrong basis for computing how much "overtime" was to be compensated under the law, and erred in determining Flores Hernandez' regular hourly wage rate. Neither argument has merit.

Appellants apparently believe that the district court required them to pay overtime rates for hours worked in excess of 40 per week in contravention of the Minimum Wage Act's provision making the regular workweek in Puerto Rico 48 hours. We do not so read the court's use of the term "overtime". Elsewhere it clearly stated that under Puerto Rican law "hours worked in excess of forty-eight shall be considered overtime and are to be compensated for at double the hourly rate." When the court found that Flores Hernandez worked an average of ten (as salesman) and twelve (as

assistant manager) extra hours a week, it was referring to hours in excess of 48, and on that basis the computation was correct.

 Appellants also argue that in determining appellee's regular rate of compensation the court should have divided his weekly salary by the total hours that he worked. This contention is derived from the general provisions of the federal regulations defining the regular rate of pay upon which overtime is to be computed. *See* 29 C.F.R. § 778.3 (1963). The regulations provide that the regular rate is "determined by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek *for which such compensation was paid.*" [Emphasis supplied].

Appellants focus upon the first part of this definition, ignoring the qualifying phrase. Subsequent examples provided in the regulations make it clear that the proper divisor is the amount of regular hours worked by the employee pursuant to his contract. *Id.* § 778.3(b)(4). As appellants specified in their answers to interrogatories that appellee's workweek was always equivalent to the maximum amount of "regular hours" prescribed by the Fair Labor Standards Act, *see* 29 U.S.C. § 207(a)(2)(A)–(C), we see no error in the district court's use of those figures as the contractual period which his weekly salary was intended to compensate.[4]

 Appellants' last claim is that the district court erred in awarding liquidated damages against them in an amount equal to the sums found owing for unpaid overtime compensation. They cite 29 U.S.C. § 260 as providing a good faith defense to such awards and maintain that the district court abused its discretion in refusing to accept their claim of good faith. Even assuming this defense is available to them, however, the record on appeal does not support their contentions. Appellants did not include a full

---

4. There is nothing in the record on appeal—which consists of the pleadings, exhibits, and that portion of the trial transcript containing the cross-examination of appellee, *see* Fed.R. App.P. 10(b)—to the contrary.

transcript, *see* note 4 *supra*, so we cannot consider the claim that their good faith "was amply demonstrated at the trial." Appellants call to our attention a 1964 letter from the Regional Director, Wage and Hour and Public Contracts Divisions, U. S. Department of Labor, to appellants' former counsel. But while that letter indicates the writer's opinion that two Thom McAn assistant managers were then exempt from federal overtime compensation requirements, it suggests that appellee, and two other assistant managers, "would not appear to be exempt on the basis of the presently known facts."

The judgment of the district court is affirmed.