Jeanette **YADAV, Plaintiff-Appellant,**

v.

**COLEMAN OLDSMOBILE, INC.,
Defendant-Appellee.**

**No. 76–1441
Summary Calendar.\***

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1976.

---

**5.** See notes 2 and 3, *supra.*

\* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Floyd J. Falcon, Jr., Baton Rouge, La., for plaintiff-appellant.

Robert L. Kleinpeter, Baton Rouge, La., for defendant-appellee.

Before WISDOM, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

Jeanette Yadav filed suit under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.* (1970), to recover overtime wages from her former employer. The cause was tried with consent of the parties before a magistrate. The magistrate after trial found for the plaintiff in the sum of $3,150.00, plus interest and costs, and the district court adopted the findings of fact, conclusions of law, and judgment. Ms. Yadav now appeals, arguing that the magistrate utilized an improper formula in computing her withheld overtime compensation. Coleman Oldsmobile does not dispute the finding of the district court that Ms. Yadav

is owed overtime wages. It urges, however, that the damages award be affirmed.

The findings of the magistrate are not disputed. Ms. Yadav was neither an executive nor an administrative employee; she was paid a salary of $1,000.00 per month; she worked an average of fifty-five hours a week [1]; and she is entitled to recover for 100 weeks. In sum, she is owed overtime compensation for 1500 hours.

The magistrate arrived at his total due figure by applying the so-called "fluctuating work week" formula. *See* 29 C.F.R. § 778.114 (1975) [2]. This was correct and we affirm.

An employee under 29 C.F.R. § 778.-114 who is "employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a work week, whether few or many." It is clear from the record in this case that Ms. Yadav understood that she was to receive a straight salary of $1,000.00 per month for whatever hours she worked. Therefore, her regular rate of pay is determined by dividing the total wage by the total hours *actually worked* in each particular week. *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 579–581, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942); *Brennan v. Lauderdale Yacht Basin, Inc.*, 493 F.2d 188, 191 (5th Cir. 1974); *Nunn's Battery & Electric Co. v. Goldberg*, 298 F.2d 516, 519 (5th Cir. 1962); *Warren-Bradshaw Drilling Co. v. Hall*, 124 F.2d 42, 44 (5th Cir. 1941), *aff'd*, 317 U.S.

---

1. The trier of facts determined that the plaintiff's actual working hours fluctuated from week to week. He reached an average of fifty-five hours per week and computed overtime compensation as if the average hours worked per week were the actual hours. Strict application of 29 C.F.R. § 778.114 (1975) would require a recomputation of actual hours for each week, producing varying base hourly rates as the actual hours varied. The procedure followed is the only practical one under the evidence, however, and no party takes exception thereto.

2. The computation was as follows: Monthly pay ($1,000.00) multiplied by twelve and then divided by fifty-two gave the weekly pay, $230.77. The regular hourly rate was then determined by dividing by the fifty-five hours worked per week, yielding $4.20 per hour. Being owed, then, $2.10 for each overtime hour, the total overtime due of $3,150.00 was arrived at by multiplying by 1500 hours.

88, 63 S.Ct. 125, 87 L.Ed. 83 (1942). *See also Mumbower v. Callicott*, 526 F.2d 1183, 1187 (8th Cir. 1975); *Brennan v. Valley Towing Co., Inc.*, 515 F.2d 100, 104–111 (9th Cir. 1975); *Triple "AAA" Co. v. Wirtz*, 378 F.2d 884, 887 (10th Cir.), *cert. denied*, 389 U.S. 959, 88 S.Ct. 338, 19 L.Ed.2d 364 (1967); *St. John v. Brown*, 38 F.Supp. 385, 389–390 (N.D.Tex.1941); 29 C.F.R. §§ 778.-109, 778.325–326 (1975); *cf. Wirtz v. Leon's Auto Parts Co.*, 406 F.2d 1250 (5th Cir. 1969); *Flores Hernandez v. Infanteria Thom McAn, Inc.*, 516 F.2d 1293, 1296 (1st Cir. 1975).

The appellant's reliance upon the language of section 7(f) of the FLSA, 29 U.S.C.A. § 207(f) (1970), and our opinion in *Foremost Dairies, Inc. v. Wirtz*, 381 F.2d 653 (5th Cir. 1967), *cert. denied*, 390 U.S. 946, 88 S.Ct. 1031, 19 L.Ed.2d 1134 (1968), is misplaced. The application of the "fluctuating work week" formula is not at all dependent upon a finding that the employer is entitled to the exception commonly referred to as the "Belo" provision. *See Walling v. A. H. Belo Corporation*, 316 U.S. 624, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942); *Walling v. Halliburton Oil Well Cementing Co.*, 331 U.S. 17, 67 S.Ct. 1056, 91 L.Ed. 1312 (1947). If the employer were so entitled, he would not be liable for any overtime pay at all. Of course, even the employer does not argue that he is so entitled, and the computation of the overtime pay due Ms. Yadav was correctly made.

The district court also found that the defendant had met its burden of proving that it acted in good faith and had reasonable grounds for believing that its omission was not a violation of the FLSA. *See* 29 U.S.C. § 260 (1970). As a result, liquidated damages and attorney's fees allowable under section 216(b) were denied. We do not find this conclusion to be an abuse of discretion. We therefore AFFIRM.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.