577 F.2d 444
 23 Wage & Hour Cas. (BN 889, 84 Lab.Cas. P 33,671
 Ray MARSHALL, Secretary of Labor, United States Department
of Labor, Appellant,
v.
HAMBURG SHIRT CORPORATION, a corporation, Appellee.
 No. 77-1712.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 16, 1978.
Decided June 1, 1978.
 
 Tedrick A. Housh, Jr., Kansas City, Mo., Carin Ann Clauss, Donald S. Shire and Joseph Woodward (argued), and Jacob I. Karro, Washington, D.C., on brief, for appellant.
 James W. Moore, Friday, Eldredge & Clark, Little Rock, Ark., for appellee.
 Before LAY and BRIGHT, Circuit Judges, and HANSON,* Senior District Judge.
 LAY, Circuit Judge.
 
 
 1
 The Secretary of Labor brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., alleging that defendant Hamburg Shirt Corporation was in violation of § 7 of the Act, 29 U.S.C. § 207, for failing to properly compensate its employees for overtime work. The Secretary sought injunctive relief and recovery of back wages allegedly owed to affected employees. Those employees were paid under a contractual agreement entitled "Fixed Salary Agreement for Fluctuating Hours."[1] The district court, in rejecting the Secretary's claim, held that the contract was valid under the Interpretive Bulletin set out at 29 C.F.R. § 778.114.[2] Finding that the contract and methods of payment used by the defendant company are in violation of the Act, we reverse.
 
 
 2
 Each employee's contract provides a fixed weekly salary as straight time compensation for all hours worked and provides for extra compensation in the amount of one-half the regular rate for all overtime hours worked. The regular rate is to be determined by dividing the fixed salary by the total number of hours worked each week. In addition, each employee is guaranteed a specified number of hours per week, ranging from 45 to 50, depending on the nature of the employee's work. The district court failed to see any prejudice to the employee, or any offense under the Act, in the agreement. As the court stated:
 
 
 3
 The guaranteed overtime provision does not affect the basic agreement for determination of the base wage rate, the overtime wage rate, and provides expressly for payment of additional half time for all hours worked over 40. The guaranteed overtime provision merely assures the employee that he will be paid not less than the guaranteed number of hours, whether he works that many hours or not.
 
 
 4
 A fundamental purpose of the Fair Labor Standards Act was to encourage employers to distribute work among a larger number of employees rather than to work employees overtime. See Overnight Motor Transportation Co. v. Missel, 316 U.S. 572, 577-78, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942). The primary means of achieving this goal was the general requirement set out in § 7(a) of the Act, 29 U.S.C. § 207(a), that employees be compensated for overtime hours at a rate not less than one and one-half times their regular compensation. In 1949 an exception was enacted allowing employers to contract with employees for a guaranteed weekly compensation which included overtime pay. Section 7(f) of the Act, 29 U.S.C. § 207(f), now provides the exemption from § 7(a) as follows:
 
 
 5
 No employer shall be deemed to have violated subsection (a) of this section by employing any employee for a workweek in excess of the maximum workweek applicable to such employee under subsection (a) of this section if such employee is employed pursuant to a bona fide individual contract, or pursuant to an agreement made as a result of collective bargaining by representatives of employees, if the duties of such employee necessitate irregular hours of work, and the contract or agreement (1) specifies a regular rate of pay of not less than the minimum hourly rate provided in subsection (a) or (b) of section 206 of this title (whichever may be applicable) and compensation at not less than one and one-half times such rate for all hours worked in excess of such maximum workweek, and (2) provides a weekly guaranty of pay for not more than sixty hours based on the rates so specified.
 
 
 6
 This exemption gives employees the benefit of a guaranteed weekly salary, but also benefits employers since they can more accurately plan labor costs. As stated by the Secretary:
 
 
 7
 A guaranteed wage plan also provides a means of limiting overtime computation costs so that wide leeway is provided for working employees overtime without increasing the cost to the employer, which he would otherwise incur under the Act for working employees in excess of the statutory maximum hours standard.
 
 
 8
 29 C.F.R. § 778.404.
 
 
 9
 The Secretary's Interpretative Bulletin, 29 C.F.R. § 778.403, clearly states that only by compliance with § 7(f) may an employer have part of an employee's guaranteed weekly compensation credited toward overtime compensation. The bulletin reads as follows:
 
 
 10
 Section 7(f) is the only provision of the Act which allows an employer to pay the same total compensation each week to an employee who works overtime and whose hours of work vary from week to week. . . . Unless the pay arrangements in a particular situation meet the requirements of section 7(f) as set forth, all the compensation received by the employee under a guaranteed pay plan is included in his regular rate and no part of such guaranteed pay may be credited toward overtime compensation due under the Act. Section 7(f) is an exemption from the overtime provisions of the Act. No employer will be exempt from the duty of computing overtime compensation for an employee under section 7(a) unless the employee is paid pursuant to a plan which actually meets all the requirements of the exemption. . . .
 
 
 11
 We find the plan implemented by the employer in this case to be within the scope of 29 C.F.R. § 778.403 because the practical effect of the guaranty is to allow the employer to pay the same compensation each week even though the employee works a varying number of overtime hours. The employer concedes that the contractual plan does not comply with § 7(f) of the statute. Indeed, the plan fails to meet the requirements of § 7(f) in a number of particulars. First, the duties of these employees do not necessitate irregular hours of work. Second, the guaranteed plan is intended to include overtime compensation but does not compensate hours in excess of 40 at one and one-half times a specified regular rate. Under a § 7(f) plan the regular rate is not a variable one, as it may be when the agreed plan does not compensate overtime, but otherwise contemplates a fixed wage for irregular hours. See Yadav v. Coleman Oldsmobile, Inc., 538 F.2d 1206 (5th Cir. 1976). Cf. Walling v. A. H. Belo Corp., 316 U.S. 624, 631-32, 62 S.Ct. 1223, 86 L.Ed. 1716 (1942).
 
 
 12
 We are unable to agree with the district court's conclusion that the compensation plan is valid under 29 C.F.R. § 778.114, as a fixed salary for fluctuating hours. It is apparent that § 778.114 is not intended to validate a plan implementing a fixed guaranteed income which includes overtime pay. By the express language of § 778.114 the fixed salary contemplated by that section does not include any overtime premium, as does the guaranteed compensation in this case. To hold otherwise would allow the strict terms of § 7(f), which afford only a limited exemption from the requirements of § 7(a), to be easily circumvented by contracts similar to the one proposed here.
 
 
 13
 In the present case the employee's guaranteed pay for 45, 48 or 50 hours, rather than the "weekly salary" specified in the contract but never actually paid because of the guaranty, should be considered his fixed wage. Because the employer has failed to comply with § 7(f) of the Act, all of the guaranteed salary must be included in the regular compensation for each employee and all overtime hours must be compensated at one and one-half times the regular rate. See 29 C.F.R. § 778.403. In accordance with § 7(a) of the Act, the regular rate is to be determined by dividing the regular weekly compensation by the number of hours actually worked in each week. See Overnight Motor Transportation Co. v. Missel, supra, 316 U.S. at 580, 62 S.Ct. 1216; Mumbower v. Callicott, 526 F.2d 1183, 1187 (8th Cir. 1975). Additional compensation at one-half the regular rate should then be added to the weekly salary for all hours worked in excess of 40 each week. See Yadav v. Coleman Oldsmobile, Inc., supra, 538 F.2d at 1207 n. 2.
 
 
 14
 The judgment of the district court is reversed and the cause is remanded for proceedings consistent with this opinion.
 
 
 
 *
 William C. Hanson, Senior District Judge, Northern and Southern Districts of Iowa, sitting by designation
 
 
 [1]
 A typical agreement as set forth in the district court opinion appears as follows:
 FIXED SALARY AGREEMENT
 DATE July 3, 1971
 I. I, Ruben Ethridge, an employee of Hamburg Shirt Corporation have entered into an agreement with my employer (Hamburg Shirt Corporation) to be paid in accordance with the Fair Labor Standards Act of 1938, as amended and described in the Interpretative Bulletin of the Code of Federal Regulations, Title 29, part 778, section 778.114 entitled "Fixed Salary for Fluctuating Hours".
 II. It is our understanding that my weekly salary of 118.40 per week is to cover what ever hours I work in any one work week and that all hours over 40 in any one work week will be computed as extra half time and that I will be guaranteed no less than 45 hours in any one work week.
 III. Example of computing extra half time for overtime:
 Salary $100.00 Hours worked 50
 ------ --
50 hours 100.00 = Hourly rate of $2.00
1/2 of hourly rate of $2.00 = $1.00 extra
half time.
Salary for 40 hours $100.00
10 extra half time hours at $1.00/hr. 10.00
 -------
Total gross wage $110.00
/S/ Ruben Ethridge /S/ J. McNeely
------------------ --------------
Employee For
 Hamburg Shirt Corporation
 2.63
---------
45/118.40 1/2 of 2.63 = 1.32 118.40
 5 6.60
 ---- ------
 6.60 125.00
 
 
 [2]
 The bulletin provides in part:
 (a) An employee employed on a salary basis may have hours of work which fluctuate from week to week and the salary may be paid him pursuant to an understanding with his employer that he will receive such fixed amount as straight time pay for whatever hours he is called upon to work in a workweek, whether few or many. Where there is a clear mutual understanding of the parties that the fixed salary is compensation (apart from overtime premiums) for the hours worked each workweek, whatever their number, rather than for working 40 hours or some other fixed weekly work period, such a salary arrangement is permitted by the Act if the amount of the salary is sufficient to provide compensation to the employee at a rate not less than the applicable minimum wage rate for every hour worked in those workweeks in which the number of hours he works is greatest, and if he receives extra compensation, in addition to such salary, for all overtime hours worked at a rate not less than one-half his regular rate of pay. Since the salary in such a situation is intended to compensate the employee at straight time rates for whatever hours are worked in the workweek, the regular rate of the employee will vary from week to week and is determined by dividing the number of hours worked in the workweek into the amount of the salary to obtain the applicable hourly rate for the week. Payment for overtime hours at one-half such rate in addition to the salary satisfies the overtime pay requirement because such hours have already been compensated at the straight time regular rate, under the salary arrangement.
 
 
 [29]
 C.F.R. § 778.114