IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

―――――――――――――

No. 99-31017

―――――――――――――

BILLY G. ALLEN, JR., ET AL.,

                                                        Plaintiffs,

BILLY G. ALLEN, JR.; WILLIAM D. DEAN; RICHARD L.
DUTY; CHARLES GRAPPE; BOBBY HUTCHINS; A. D.
LOWE; JOHN MENDENHALL; GARY VALENTINE;
JOHNNY MOORE; MARILYN GAIL BURT; DALTON D.
SHIPP, JR.; BILLY WADE JENNINGS; SHERREL SMITH;
RODNEY STELL; GEORGE K. STEWART; BENNIE A.
RABORN; SAM TANNER; ROY FLOURNOY; JOHNNY
ROSS DAVID; WILEY MURPHY,

                                                        Plaintiffs-Appellees,
                                                        Cross-Appellants,

                            versus

SHERIFF'S DEPARTMENT, WEBSTER PARISH, ET AL;

                                                        Defendants,

ROYCE MCMAHEN, Individually & in his official capacity as
Sheriff, Webster Parish; LARKIN T. RISER, Individually & in
his official capacity as Sheriff, Webster Parish,

                                                        Defendants-Appellants,
                                                        Cross-Appellees.

Cons/w
No. 99-31328

BILLY G. ALLEN, JR., ET AL.,

                                                    Plaintiffs,

BILLY G. ALLEN, JR.; WILLIAM D. DEAN; RICHARD L.
DUTY; CHARLES GRAPPE; BOBBY HUTCHINS; A. D.
LOWE; JOHN MENDENHALL; GARY VALENTINE;
JOHNNY L. MOORE; MARILYN GAIL BURT; DALTON D.
SHIPP, JR.; BILLY WADE JENNINGS; SHERREL SMITH;
RODNEY STELL; GEORGE K. STEWART; BENNIE A.
RABORN; SAM TANNER; ROY FLOURNOY; JOHNNY
ROSS DAVID; WILEY MURPHY,

                                                    Plaintiffs-Appellees,

                          versus

SHERIFF'S DEPARTMENT, WEBSTER PARISH, ET AL;

                                                    Defendants,

ROYCE MCMAHEN, Individually & in his official capacity as
Sheriff, Webster Parish; LARKIN T. RISER, Individually & in
his official capacity as Sheriff, Webster Parish,

                                                    Defendants-Appellants.

Appeals from the United States District Court for
the Western District of Louisiana
(USDC No. 97-CV-221 )

May 17, 2001

Before KING, Chief Judge, REAVLEY and JONES, Circuit Judges.

REAVLEY, Circuit Judge:[*]

Sheriff Larkin Riser and former Sheriff Royce McMahen of Webster Parish, Louisiana appeal from judgment against them on an overtime wages claim brought by several Parish deputies under the Fair Labor Standards Act (FLSA). The sheriffs contend that the Riser administration is not liable for the McMahen administration's violations of the FLSA. Alternatively, they argue that exceptions to the FLSA's standard overtime requirements mandate a reduction in the dollar amount of the judgment, and they claim that the district court improperly set aside deemed admissions. The deputies cross-appeal, claiming that lump sum payments they occasionally received for working overtime shifts were improperly credited against the judgment. We agree that the lump sum payments may not be credited against the judgment, but we see no merit in the sheriffs' appeal.

At trial, the jury found that Sheriff McMahen's administration willfully violated the overtime provisions of the FLSA. The district court entered judgment against both sheriffs. Because Sheriff McMahen is no longer in office, the deputies look to his successor, Sheriff Riser, for satisfaction of the judgment. But Sheriff Riser argues he has

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

3

no liability for the actions of the McMahen administration unless it is under the doctrine of successor liability, which he claims should not apply here.

Neither Sheriff McMahen nor Sheriff Riser is individually liable for overtime wage claims, since they paid wages only from official Parish funds and only as officials of the Parish. It is only in their capacity as Sheriff of Webster Parish that the deputies can assert a claim against them. The claim and judgment are properly seen as against Webster Parish only.[1] No issue of successorship is raised. That Sheriff Riser rather than Sheriff McMahen now serves the Parish in this capacity is of no consequence.

Alternatively, the Sheriffs argue that two exceptions to the FLSA's standard overtime requirements apply here and mandate a reduction in the dollar amount of the judgment. First, they assert that the deputies' overtime should be calculated at half-time according to the FLSA's fluctuating workweek provision, rather than at the standard time-and-a-half rate. An employer can calculate overtime wages according to a fluctuating workweek if (1) the employee's hours fluctuate from week to week, (2) the employee receives a fixed weekly salary that does not vary with the number of hours worked, (3) the salary exceeds minimum wage, (4) the employer and employee reach a clear mutual understanding that the salary does not depend on the hours worked, and (5) the employee receives additional pay for overtime at one-half of his per-hour salary.[2] The district court

---

[1] *See Brandon v. Holt*, 469 U.S. 464, 471-72 (1985); *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996).

[2] *See* 29 C.F.R. § 778.114; *Flood v. New Hanover County*, 125 F.3d 249, 252 (4th Cir. 1997).

concluded that neither the fourth nor fifth requirement was met here, stating that the only mutual understanding was that no overtime would be compensated. We agree. The sheriffs cite authority for applying the fluctuating workweek provision retroactively, where these requirements are not met, in cases involving an employer's good-faith erroneous belief that its employees were exempt.[3] But Sheriff McMahen did not act in good faith, and no one believed the deputies were exempt. The exception does not apply.

Second, the sheriffs assert that the deputies overtime should be calculated according to a twenty-eight day, 171 hour tour of duty, rather than according to the standard forty-hour workweek. An employer may opt to calculate overtime wages on a tour of duty basis for law enforcement personnel,[4] and several witnesses testified at trial as to the use of an extended tour of duty period. But the employees responsible for payroll and scheduling testified that a tour of duty schedule was never used. Noting that the sheriffs have the burden of proof on the issue, the district court determined they had failed to meet that burden. We find no error in this determination.

In addition, the sheriffs claim that the district court abused its discretion in setting aside deemed admissions under Federal Rule of Civil Procedure 36(b). Rule 36 provides for deemed admissions as a sanction for untimely responses to requests for admissions.

---

[3] *See Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138 (5th Cir. 1988); *Yadav v. Coleman Oldsmobile, Inc.*, 538 F.2d 1206, 1207-08 (5th Cir. 1976). *But see Rainey v. American Forest & Paper Ass'n, Inc.*, 26 F. Supp. 2d 82, 101 (D.D.C. 1998).

[4] *See* 29 U.S.C. § 207(k); 29 C.F.R. § 553.201(a).

The sheriffs contend that the district court should not have set aside the deemed admissions in this case because the deputies offered no explanation for the untimeliness of their response. The sheriffs offer no authority for this position, however. Rule 36(b) requires the district court to consider only the presentation of the merits of the case and prejudice to the defendant when setting aside deemed admissions. It does not require an explanation for untimeliness. We see no error in the omission of such explanation.

On cross-appeal, the deputies contend that the district court erred by crediting lump sum payments they occasionally received for working overtime shifts against the amount of overtime compensation the sheriffs owed them. We agree that the crediting was improper. According to the applicable regulation, "where extra compensation is paid in the form of a lump sum for work performed in overtime hours, it must be included in the regular rate and may not be credited against statutory overtime compensation due."[5] Here, the lump sum payments must be included in the deputies' pay rates.

Because the parties have stipulated the amount of overtime compensation due in case of the latter ruling, it is unnecessary to remand for new calculations. Instead, we modify the judgment to include Option B,[6] rather than Option A,[7] from the parties' alternative stipulations. Accordingly, the judgment of the district court is AFFIRMED as MODIFIED.

---

[5] 29 C.F.R. § 778.310.

[6] R. at 1663.

[7] R. at 1662.

6