**Irma Ruth HALFERTY,**
**Plaintiff-Appellee**

v.

**PULSE DRUG COMPANY, INC., d/b/a**
**Pulse Ambulance Service,**
**Defendant-Appellant.**

**No. 86–2466.**

United States Court of Appeals,
Fifth Circuit.

Aug. 28, 1987.

Shelton E. Padgett, Kris J. Bird, Kaufman, Becker, Clare & Padgett, San Antonio, Tex., for defendant-appellant.

Gary Scarzafava, Judith A. Yacono, San Antonio, Tex., for plaintiff-appellee.

Before WILLIAMS and HILL, Circuit Judges, and MENTZ[*], District Judge.

## ON PETITION FOR REHEARING

(Opinion July 13, 5th Cir.1987,
821 F.2d 261)

PER CURIAM:

Defendant-appellant Pulse Drug Company, Inc. (Pulse), challenges the holding in Part IV of the court's opinion that the three year statute of limitations period is applicable to this case. Finding merit to this challenge, we grant Pulse's petition for rehearing.

In our prior opinion, *Halferty v. Pulse Drug Company, Inc.*, 821 F.2d 261 (5th Cir.1987), we held that the three year statute of limitations was applicable to Halferty's cause of action because the employer "knew the FLSA was in the picture," and thus the violation was willful. *See id.* at 271. In so holding, we relied upon our earlier holding in *Castillo v. Givens,* 704 F.2d 181, 193 (5th Cir.), *cert. denied,* 464 U.S. 850, 104 S.Ct. 160, 78 L.Ed.2d 147 (1983), which in turn relied upon an earlier holding of our court in *Coleman v. Jiffy June Farms, Inc.,* 458 F.2d 1139, 1141–42 (5th Cir.1971), *cert. denied,* 409 U.S. 948, 93 S.Ct. 292, 34 L.Ed.2d 219 (1972). In *Jiffy June* the court announced a test for "willfullness" with this language: "Stated most simply, we think the test should be: Did the employer know the FLSA was in the picture?" We now acknowledge that our reliance on the holding in *Jiffy June* was in error.

In a recent opinion of our court, *Peters v. City of Shreveport,* 818 F.2d 1148 (5th Cir.1987), we held that the *Jiffy June* "in the picture" test had been overruled by the Supreme Court's recent decision in *Trans-World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985), citing for such conclusion the decision of our court in *Salazar-Calderon v. Presidio Valley Farmers Assoc.,* 765 F.2d 1334 (5th Cir.1985), *cert. denied,* 475 U.S. 1035, 106 S.Ct. 1245, 89 L.Ed.2d 353 (1986). *See Peters,* 818 F.2d at 1167–68. In its stead, the court substituted the *Thurston* "reckless disregard" standard. *Id.* at 1168. Since *Peters* was decided prior to our opinion in *Halferty,* we are required to adopt its position that *Jiffy June* has been overruled.

Thus, we must address the statute of limitations issue under the reckless disregard standard. The question we must answer is whether Pulse Ambulance acted in reckless disregard of Halferty's rights. We conclude that it did not. Pulse Ambulance acted reasonably and in good faith in attempting to determine whether its plan would violate the FLSA. It consulted with its attorney, and examined the DOL bulle-

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

**4**

tin discussing 29 C.F.R. § 785.23. Under *Thurston* these facts show that Pulse Ambulance did not act in reckless disregard. *See Thurston* 469 U.S. at 128–130, 105 S.Ct. at 625–626. We conclude, therefore, that the two year statute of limitations is the applicable period by which the district court should calculate any award of wages owed to Halferty.

The application for rehearing is GRANTED and we now AFFIRM the application of the two year statute of limitations period for the calculation of the wages owed in accordance with our earlier opinion.