IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30327
Summary Calendar
_____


TIMOTHY OLIVER,

Plaintiff-Appellee,

versus

J. EDWARD LAYRISSON, Sheriff,
Tangipahoa Parish,

Defendant-Appellant.

_____

Appeal from the United States District Court for
the Eastern District of Louisiana
(95-CV-3 G)
_____
January 13, 1997

Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

Timothy Oliver, a former deputy sheriff for Tangipahoa

Parish, Louisiana, brought this suit against appellant J. Edward

Layrisson in his capacity as sheriff of the parish, seeking

recovery of uncompensated overtime under the Fair Labor Standards

Act, 20 U.S.C. § 201 *et seq.* (FLSA or Act).  After a bench trial

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

the district court entered judgment in favor of Oliver.  We affirm.

A.    *Constitutionality of Applying FLSA to Deputy Sheriffs*

Layrisson first argues that the FLSA cannot constitutionally be applied to sheriff's deputies.  He argues that congressional powers under the Commerce Clause cannot be extended to deputies in light of the Tenth Amendment and principles of federalism.  In *Garcia v. San Antonio Metropolitan Transit Authority*,[1] the Court expressly overruled *National League of Cities v. Usery*,[2] and held that the FLSA's minimum wage and overtime provisions may constitutionally be applied to state and local government employers.  In *Gregory v. Ashcroft*,[3] concerning the applicability of federal age discrimination legislation to the States, the Court held that if Congress intends to alter the usual constitutional balance between the States and the federal government, such an intention must be unmistakably clear in the language of the statute.[4]

---

[1]  469 U.S. 528 (1985).

[2]  426 U.S. 823 (1985).

[3]  501 U.S. 452 (1991).

[4]  *Id*. at 460.

By its terms the FLSA, subject to certain stated exemptions, unmistakably applies to public employers and employees in general, and to law enforcement personnel in particular.[5]

B.  *Personal Staff Exemption*

Layrisson next argues that Oliver is not an employee under the FLSA, because he falls within the "personal staff" exception to the Act.[6]  The exception applies to employees selected by an elected officeholder "to be a member of his personal staff."[7] The district court, in its memorandum opinion, correctly considered the non-exhaustive factors we have enunciated for deciding whether the exemption applies:  (1) whether the elected official has plenary powers of appointment and removal; (2) whether the person in the position at issue is personally accountable to only that elected official; (3) whether the person in the position at issue represents the elected official in the eyes of the public; (4) whether the elected official exercises a considerable amount of control over the position; (5) the level of the position within the organization's chain of command; and

---

[5]  *See* 29 U.S.C. §§ 203(e)(2)(C) (defining employee to include individuals employed by a State or political subdivision thereof), 207(k) (creating special rules for tours of duty by employees engaged to fire protection and law enforcement activities), 207(o) (special rules for compensation of public employees with time off), 213(a)(20) (exemption for public law enforcement agencies employing less than five law enforcement employees).

[6]  29 U.S.C. § 203(e)(2)(C)(ii)(II).

[7]  *Id.*

3

(6) the actual intimacy of the working relationship between the elected official and the person filling the position.[8]

The burden of proving an exemption to the overtime laws is on the employer, and exemptions are narrowly construed.[9] Further, we have noted the "highly factual nature" of the inquiry necessary to determine the personal staff exemption.[10]

The district court correctly followed the law by looking to the *Teneyuca* factors, recognizing that the factors are non-exhaustive, placing the burden on the employer to establish an exemption to the Act, and recognizing that exemptions are narrowly construed. On the evidence presented, the court found that as to the fifth factor there was testimony that Oliver ranked 13th out of 260 deputies, but that otherwise the defendant "did not present any evidence relevant to the 'personal staff' exemption." Accordingly the court held that the employer had not met its burden of establishing the exemption.

---

[8] *See Montgomery v. Brookshire*, 34 F.3d 291, 295 (5th Cir. 1994); *Teneyuca v. Bexar County*, 767 F.2d 148, 151 (5th Cir. 1985). Although *Brookshire* concerned the personal staff exemption of the Age Discrimination in Employment Act, 29 U.S.C. § 630(f), and *Teneyuca* concerned the personal staff exemption of Title VII, 42 U.S.C. § 2000e(f), the language in these exemptions is virtually the same as the language of the FLSA personal staff exemption. Accordingly, we agree with the district court that the same factors set forth in these cases should apply to this FLSA case.

[9] *Smith v. City of Jackson*, 954 F.2d 296, 298 (5th Cir. 1992).

[10] *Brookshire*, 34 F.3d at 295; *Teneyuca*, 767 F.2d at 152.

There is no transcript of the trial in the record, and the transcript request form in the record indicates that counsel for Layrisson checked the box stating that "transcript is unnecessary for appeal purposes." The burden is on the appellant to secure a transcript of those proceedings relevant to the appeal.[11] Failure to provide a transcript is a proper ground for dismissal of the appeal.[12] Because the court correctly applied the law, and without the transcript we are in no position to review the evidence or lack thereof relating to the "highly factual" issue of the personal staff exemption, we reject this ground for reversal.

C.  *Limitations*

Layrisson argues that Oliver's claim is barred by limitations. The Act provides that actions must be commenced "within two years after the cause of action accrued . . . ."[13] Oliver was employed until his termination on January 22, 1994. He sought unpaid overtime for the period during which he worked as a sergeant in the detective division from 1989 to 1993. He filed suit on January 3, 1995.

---

[11]  *Powell v. Estelle*, 959 F.2d 22, 26 (5th Cir.), *cert. denied*, 506 U.S. 1025 (1992).

[12]  *Id.; Richardson v. Henry*, 902 F.2d 414, 416 (5th Cir.), *cert. denied*, 498 U.S. 901 (1990).

[13]  29 U.S.C. § 255(a).

Layrisson maintains that limitations runs from each payday covering a pay period for which overtime is claimed. Numerous courts, including our own, have held that in cases of repeated or continuing violations of the FLSA, the limitations period begins to run from each such payday.[14]

The district court reasoned that limitations here should run from the date of Oliver's termination under the unique provisions of the FLSA covering "compensatory time" or "comp. time" for public employees. Under 29 U.S.C. § 207(o), public employees may be compensated with time off in lieu of overtime pay. The public employee "who has accrued compensatory time off" under this provision "shall, upon termination of employment, be paid for the unused compensatory time" at either his average rate of pay for the last three years or his final rate, whichever is higher.[15] Without the transcript, we defer to the district court's factual finding that the employer followed a "comp. time" arrangement under this provision. The court found that Oliver "accumulated 405.5 hours for which he did not receive 'comp. time,'" and that he requested and later pursued a cause of action for "overtime hours which he had accrued but for which he had not been compensated by time off from work, or 'comp. time.'"

---

[14] *See, e.g., Halferty v. Pulse Drug Co.*, 821 F.2d 261, 271, *modified on other grounds*, 826 F.2d 2 (5th Cir. 1987).

[15] *Id.* § 207(o)(4).

As a legal matter, we agree with the district court that payment for unused compensatory time is due "upon termination of employment" under § 207(o)(4), that Oliver's claim for this payment accrued on the date of termination, and that suit therefore was timely brought within two years of this date. While the statute provides that the employee must be given compensatory time off within a reasonable time after it is requested,[16] the statute places no time limit on how long unused compensatory time off may be accrued.

D    *Failure of Proof*

Layrisson last argues that Oliver offered insufficient evidence to make out a prima facie case under the FLSA. He argues for example that the court erred in discounting the credibility of a defense witness. Again, finding no error in the district court's careful legal analysis as presented in it memorandum opinion, and without the transcript, we decline to second guess the district court's weighing of the evidence.

AFFIRMED.

---

[16]    *Id.* § 207(o)(5).