Ed CLAEYS, et al., Plaintiffs,

v.

GANDALF LTD., et al., Defendants.

No. 02–CV–313.

United States District Court,
S.D. Ohio,
Eastern Division.

Jan. 23, 2004.

John B. Renick, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MI, Trial Attorney for Defendants.

John W. Ferron, Esq., Ferron & Associates, Columbus, OH, for Plaintiffs.

## OPINION AND ORDER

MARBLEY, District Judge.

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Partial Summary Judgment, filed July 7, 2003. For the following reasons, Defendants' Motion is GRANTED.

### II. FACTS & PROCEDURAL HISTORY

Because this case is before the Court on Defendants' Motion for Partial Summary Judgment against Plaintiff, Justin L. Pritchard ("Pritchard"), the evidence will be viewed in the light most favorable to Pritchard.

This case originally was brought by named Plaintiffs, Ed and Eric Claeys ("the Claeys" or "Named Plaintiffs") against Gandalf, Ltd. ("Gandalf"), Paul Thomas ("Thomas"), and Curtis Francois ("Francois") (collectively, "Defendants"), on behalf of themselves and other similarly situated employees of Defendants. The Claeys allege that Defendants failed to pay employees, such as themselves, overtime compensation when they worked more than 40 hours in a given work week. The collective action lawsuit alleges that Defendants wrongfully, intentionally and willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.,[1] and Ohio's Minimum Fair Wage Standards Act, Ohio Revised Code ("O.R.C.") § 4111, et seq.

Per 29 U.S.C. § 216(b), Plaintiff Scott A Rowland ("Rowland") filed his consent form to join the case on July 11, 2002. Rowland and the Claeys petitioned this Court for the authority to notify putative class members, which this Court granted on March 13, 2003. Thereafter, Pritchard joined the case when he filed his consent form on June 20, 2003.

Plaintiffs are all former employees of Defendants, who worked on commission as paintless dent removal technicians ("PDR Technicians"). Specifically, Pritchard was

---

1. The FLSA prohibits employers from employing any worker for a workweek longer than forty hours unless the employee receives compensation at a rate of one and one-half times his regular rate of pay for each hour worked in excess of forty hours. See 29 U.S.C. § 207(a)(1).

employed by Defendants from at least April 4, 1999 through June 20, 2001.[2]

## III. STANDARD OF REVIEW

Summary judgment is appropriate "[i]f the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). In evaluating a motion for summary judgment, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970).

To prevail, the movant must establish that there are no genuine issues of material fact. This task may be accomplished by demonstrating that the non-moving party lacks evidence to support an essential element of his case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388–89 (6th Cir.1993). In response, the non-moving party must present "significant probative evidence" to show "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339–40 (6th Cir.1993). The non-moving party "may not rest upon its mere allegations ... but ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P.

56(e); *see also Celotex Corp.*, 477 U.S. at 324, 106 S.Ct. 2548; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir.1994). Finally, the mere existence of a scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir.1995).

## IV. ANALYSIS

The basis for Defendants' Motion for Partial Summary Judgment is that Pritchard's claims[3] are barred by the statutes of limitations applicable under the FLSA and Ohio law. Plaintiff retorts, however, that the doctrines of equitable estoppel and equitable tolling should operate to bar Defendants from using the statute of limitation's defense. According to Pritchard, those doctrines should apply to allow his claim to proceed. Application of those doctrines is warranted, Pritchard argues, because he reasonably relied to his detriment upon Defendants' written and oral representations that he was not eligible to receive overtime pay, and Defendants failed to post, in a conspicuous place, FLSA and Ohio law notices regarding employees' rights to receive overtime pay.

### 1. Statutory Period

To determine whether Pritchard's claims are barred by the statute of limitations,

---

**2.** In his consent form, Pritchard claims he was employed by Defendants from "___, '92 to June, '01." Because of the applicable statutes of limitations, the relevant dates of accrual for Defendants' Motion are June 20, 2000 (for Pritchard's FLSA claim, assuming he can prove Defendants acted willfully) and June 20, 2001 (for his state law claim and FLSA claim, if he cannot prove Defendants acted wilfully).

**3.** In his Memorandum in Opposition, Pritchard first states that "Plaintiffs" worked for

Defendants until June 26, 2001. In his consent form, as discussed above, he claimed, generally, that he worked for Defendants until June, 2001. However, he later states in his Memorandum in Opposition that "[f]rom at least April 4, 1999 through June 20, 2001, Plaintiff Justin L. Pritchard was employed by Gandalf..." Thus, it seems that the first statement referred to one of Pritchard's co-Plaintiffs, who worked past June 20, 2001, until June 26, 2001, although Pritchard himself only worked for Defendants until June 20, 2001.

first the Court must determine the applicable statutory periods. Generally, FLSA claims are governed by a two-year statute of limitations. *See* 29 U.S.C. § 255(a). Such claims may be governed by a three-year statute of limitations, however, where the statutory violation was "willful." *Id.*[4] In contrast, Ohio law provides for a two-year statute of limitations for claims based upon unpaid overtime compensation, but does not provide for an extension in the case of a willful violation by the employer.[5] Accordingly, a plaintiff's state law claims may be barred even though his federal claims are not.

■ Under federal law, to establish willfulness, the plaintiff must demonstrate that the employer either knew or showed reckless disregard for whether its conduct violated the FLSA. *See McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988) (citing *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985)). For example, the Sixth Circuit has found that an employer's violation was willful where the employer " 'had actual notice of the requirements of the FLSA by

virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA.' " *Herman v. Palo Group Foster Home, Inc.*, 183 F.3d 468, 474 (6th Cir. 1999) (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir. 1991)) (*citing Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1062 (2d Cir.1988)). A willful violation requires that the employer acted recklessly, at least; it is not sufficient that the employer acted unreasonably. *McLaughlin*, 486 U.S. at 135 n. 13, 108 S.Ct. 1677.

■ The Court finds that Pritchard has not raised a genuine issue of material fact suggesting that Defendants willfully violated the FLSA overtime wage requirements. In fact, in his Memorandum in Opposition, Pritchard does not even address the issue. He has offered no evidence, such as that alluded to in *Herman* and *Dole*, for example, that Defendants acted even recklessly. Without even arguing that it proves willfulness, the only evidence he has offered is: conversations with Francois in 1998 and 1999, when Francois allegedly told him that he was not entitled to receive overtime pay; and exerts from the Employee Handbook to that effect.[6] That evidence

---

**4.** The statutory provision setting forth the statute of limitations states, in relevant part:

> Any action ... to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938 ... may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued[.]

> 29 U.S.C. § 255(a).

**5.** In particular, Ohio Rev.Code § 2305.11 states in pertinent part:

> An action ... by an employee for the payment of unpaid minimum wages, unpaid

overtime compensation, or liquidated damages by reason of the nonpayment of minimum wages or overtime compensation shall be commenced within two years after the cause of action accrued.

O.R.C. § 2305.11(A).

**6.** Defendants assert, as a defense, that Pritchard was not qualified to receive overtime compensation under the FLSA. Indeed, certain employees are exempt from the FLSA's overtime wage requirement. In particular, the FLSA provides, in pertinent part:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the

does not prove, however, that Defendants acted willfully, especially where Defendants defend that commission-paid employees such as Pritchard were exempt under the FLSA and were not entitled to overtime compensation.[7] *See Gustafson v. Bell Atlantic Corp.,* 171 F.Supp.2d 311, 324 (S.D.N.Y.2001) (where "[p]laintiff merely concluded that willfulness and recklessness existed, without pointing to any concrete evidence in the record,"court determined that "plaintiff fail[ed] to prove willfulness sufficient to implicate the three-year statute of limitations of FLSA § 255(a)."); *Cox v. Brookshire Grocery Co.,* 919 F.2d 354, 356 (5th Cir.1990) ("[o]ther than urging that we adopt a presumption that [the employer] intended the consequences of its deliberate acts, [plaintiff] offers no counter to the district court's findings [that the employer did not act willfully]. [Plaintiff] presumes too much-[an employer's] actions will only be deemed willful if they are proved so—and no presumption may circumvent the patent willfulness requirement explicit in § 255."). Hence, Pritchard has failed to demonstrate willfulness and is not, therefore, entitled to the protection of the three-year statute of limitations contained in 29 U.S.C. § 255(a).

Therefore, for the purposes of Defendants' Partial Motion for Summary Judgment, the Court will apply a two-year statute of limitations to Pritchard's FLSA claims. That period is the same as the statute of limitations applicable to his claim under Ohio law; thus, the remainder of this analysis applies to Pritchard's claims under both federal and state law.[8]

### 2. Application of the Two–Year Statute of Limitations

 In determining whether the two-year statute of limitations bars Pritchard's claims, the Court must first examine when his claim accrued. When a plaintiff alleges a violation of the FLSA based on a failure to pay overtime wages, each paycheck that fails to include wages for overtime constitutes a separate violation. Consequently, a new cause of action accrues with the receipt of each paycheck. *Archer v. Sullivan County,* 129 F.3d 1263, 1997 WL 720406 at *2 (6th Cir.1997) (unpublished) (*citing Halferty v. Pulse Drug Co., Inc.,* 821 F.2d 261, 271 (5th Cir.), *modified on other grounds,* 826 F.2d 2 (5th Cir.1987)); *Knight v. Columbus,* 19 F.3d 579, 581 (11th Cir.1994). As such, even if an employer continuously fails to pay overtime wages during the course of employment, each paycheck constitutes a separate violation, and claims based on any paycheck that falls outside the statutory period are barred. As the Eleventh Circuit has explained:

---

minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. 29 U.S.C. § 207(i) ("retail-service exemption"). In addition to the retail-service exemption, Defendants also have asserted that Plaintiffs may be exempt under 29 U.S.C. § 213(a)(1) and/or § 213(b)(1).

7. For example, the Employee Handbook states all commission-paid employees are exempt from the FLSA's overtime provisions; and Defendants assert the same as one of their defenses.

8. Ohio's Minimum Fair Wage Standards Act, Ohio Rev.Code § 4111.01 *et seq.* states, in pertinent part:

An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the "Fair Labor Standards Act of 1938," ... 29 U.S.C.A. 207, 213, as amended.

Ohio Rev.Code § 4111.03(A). Pursuant to this provision, the Court's findings with respect to Pritchard's FLSA claim apply equally to his claim under Ohio law.

The term "continuing violation" ... implies that there is but one incessant violation and that the plaintiffs should be able to recover for the entire duration of the violation, without regard to the fact that it began outside the statute of limitations window. That is not the case. Instead of one on-going violation, this case involves a series of repeated violations of an identical nature. Because each violation gives rise to a new cause of action, each failure to pay overtime begins a new statute of limitations period as to that particular event.

*Knight,* 19 F.3d at 582.

The FLSA dictates the manner in which the Court is to determine the date on which a plaintiff filed his cause of action under that statute:

In determining when an action is commenced... *in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938 ...* it shall be considered to be commenced in the case of any individual claimant -

(a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

(b) if such written consent was not so filed or if his name did not so appear— on *the subsequent date on which such written consent is filed in the court* in

which the action was commenced (emphasis added).

29 U.S.C. § 256.

■ Applying the foregoing principles, Pritchard's claim accrued on June 20, 2003, the date on which he filed his consent form to be joined in this case. Thus, Pritchard's claims for unpaid overtime compensation occurring prior to June 20, 2001, under both the FLSA and Ohio law, are barred by the two-year statutes of limitations.

Pritchard contends, however, that the doctrines of equitable estoppel and equitable tolling should apply to make his claims timely. In particular, he argues that Defendants should not be able to employ the statute of limitations' defense because: 1) Defendants are equitably estopped because they made affirmative oral and written misrepresentations to him that he was not eligible for overtime pay, *see Ott v. Midland–Ross Corp.,* 600 F.2d 24, 31–32 (6th Cir.1979) (concluding that a defendant who makes a misrepresentation intending to induce the plaintiff to delay suit will be estopped from pleading the statute of limitations); and 2) equitable tolling applies because the Defendants failed to post notices advising employees of their minimum wage and overtime pay rights, as employers are required to do under federal and state law. *See* 29 C.F.R. § 516.4 (requiring employers to post notices explaining the FLSA);[9] *Bonham v. Dresser Indus.,* 569 F.2d 187, 193 (3d Cir.1977) (finding that an employer's failure to post a statutorily required notice tolled the limitations period for an ADEA claim); *Henchy v.*

9. That regulation states:

Every employer employing any employees subject to the Act's minimum wage provisions shall post and keep posted a notice explaining the Act, as prescribed by the Wage and Hour Division, in conspicuous places in every establishment where such employees are employed so as to permit them to observe readily a copy. Any em-

ployer of employees to whom section 7 of the Act does not apply because of an exemption of broad application to an establishment may alter or modify the poster with a legible notation to show that the overtime provisions do not apply. For example: "Overtime Provisions Not Applicable to Taxicab Drivers (Sec. 13(b)(17))".

29 C.F.R. § 516.4.

**896**

*City of Absecon,* 148 F.Supp.2d 435, 439 (D.N.J.2001) (finding that the plaintiff had raised a genuine issue of material fact with respect to equitable tolling where the employer repeatedly assured the plaintiff that the overtime compensation provided was proper and the employer failed to post a notice informing employees of their minimum wage and overtime pay rights).

■ Under the circumstances presented here, however, Pritchard is not entitled to application of those equitable doctrines. First, in support of his claim for equitable tolling, Pritchard asserts that because of Defendants' various misrepresentations, he did not know he was entitled to overtime compensation until "many months *after* Plaintiff left the employment of Defendants in June 2001 . . ." In his affidavit, he expressly states, "at no time prior to July, 2002, did I ever understand or realize that the Defendants' representations and statements in the Gandalf Employee Handbook, or the representations of the Defendants and their agents regarding my 'exempt' status or 'ineligibility' for overtime pay were correct."

Nevertheless, it is, "well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991). Moreover, the Court finds Pritchard's claim of ignorance prior to July 2002 incredible. In fact, on January 7, 2002, Pritchard filed suit in this district against Dent Wizard International Corp. ("Dent Wizard"), also on the basis of alleged unpaid overtime compensation.[10] In deciding to pursue that claim, Pritchard had to have realized that he also could have filed suit against Gandalf, especially because the claims in Pritchard's lawsuit against Dent Wizard under federal and state law are precisely the same as the ones made by the Claeys in this case. Hence, Pritchard's claims

that he did not understand his rights because of: 1) the representations made to him by Francois in 1998 and 1999 and/or; 2) the statements in the Gandalf Employee Handbook are unpersuasive.

■ In addition, once Pritchard hired counsel, which he did before filing suit against Dent Wizard in January of 2002, Defendants' alleged failure to post notices is irrelevant. *See Patraker v. Council on Environment of New York City,* 2003 WL 22703522, *2 (S.D.N.Y. Nov. 17, 2003) (finding once plaintiff retained an attorney, "any failure to post the required notice became immaterial."); *see also Keyse v. California Texas Oil Corp.,* 590 F.2d 45, 47–48 (2d Cir.1978) (tolling inappropriate where plaintiff represented by counsel). Furthermore, Pritchard's argument for equitable tolling based on the alleged failure to post the FLSA notice is improper as a matter of law. He relies on *Henchy* and *Kamens v. Summit Stainless, Inc.,* 586 F.Supp. 324, 328 (E.D.Pa.1984) for his proposition, both of which are from the Third Circuit. The Sixth Circuit, in contrast, has determined, in an unpublished opinion, that an employer's failure to post the notice required under the FLSA does not necessarily toll the statute of limitations on the plaintiff's claim for overtime pay. *See Archer,* 129 F.3d 1263, 1997 WL 720406 at *4 ("We are not persuaded that the county's failure to post such a notice justifies invocation of the tolling doctrine.").

■ Finally, any alleged misrepresentations by Defendants regarding Pritchard's eligibility for overtime compensation are not the type of misrepresentations intended to toll the statute of limitations, especially given the Sixth Circuit's repeated admonition that equitable tolling should be granted sparingly. *See e.g., Amini v.*

**10.** *Pritchard v. Dent Wizard Int'l Corp.,* No. C2–02–0022 (Sargus, J.).

*Oberlin College,* 259 F.3d 493, 500 (6th Cir.2001), *citing Dunlap v. U.S.,* 250 F.3d 1001, 1008–09 (6th Cir.2001). Pritchard claims he was informed by Francois in 1998 and/or 1999 that he was not eligible to receive overtime pay. Statements to that effect, however, do not constitute misrepresentations that would prevent Pritchard from discovering the existence of his claim under federal and/or state law. To the contrary, such statements simply inform a plaintiff of facts that might give rise to claims he is entitled to pursue. *See Archer,* 129 F.3d 1263, 1997 WL 720406 at *4 ("[t]he Plaintiffs knew that they were not receiving any overtime pay—and that knowledge constituted knowledge of facts triggering the accrual of a cause of action."); *see also Redman v. U.S. West Business Resources, Inc.,* 153 F.3d 691, 695 (8th Cir.1998) ("[e]ven if [the employer] explicitly stated that the [the employees could not receive overtime compensation], [employees] have presented no evidence showing that [the employer] *intended* to mislead them.").

Hence, the Court finds that it would be improper to apply either the doctrine of equitable estoppel or equitable tolling to the statutes of limitations under the FLSA and Ohio law.

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** partial summary judgment to the Defendants based on the application of a two-year statute of limitations to bar Pritchard's FLSA and Ohio law claims, based on paychecks he received prior to

11. Because the facts must be taken in the light most favorable to the non-moving party on summary judgment, the Court will accept, as true, Pritchard's claim that he worked for Defendants through June 20, 2001. Because this Court determined the applicable statutes

June 20, 2001.[11] Pritchard's case against Defendants, accordingly, is **DISMISSED.**

**IT IS SO ORDERED.**

of limitations on both the federal and state law claims was two-years, and Plaintiff is not entitled to use the equitable doctrines of estoppel or tolling, Pritchard's claims under both federal and state law are barred entirely.