Donald **BLACKMON** and **Richard Glen DeYoung**, Plaintiffs–Appellees,

v.

**BROOKSHIRE GROCERY COMPANY**, Defendant–Appellant.

No. 86–2904.

United States Court of Appeals, Fifth Circuit.

Jan. 22, 1988.

Stephen W. Smith, Robert S. Bambace, Fulbright & Jaworski, Houston, Tex., for defendant-appellant.

Jackie Cox, R. Daryll Bennett, Longview, Tex., for plaintiffs-appellees.

Before BROWN, POLITZ, and JOLLY, Circuit Judges.

POLITZ, Circuit Judge:

Donald Blackmon and Richard Glen DeYoung, meat market managers in stores owned by Brookshire Grocery Company, invoked the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219, against their employer, seeking overtime wages. Following a bench trial, the district court found Blackmon and DeYoung to be non-exempt employees entitled to overtime wages for all hours worked over 40 in any workweek. The court further found Brookshire to be in good faith and denied liquidated damages. Back wages were allowed for a three-year period and attorney's fees were awarded. Brookshire appeals. We affirm in part, vacate in part, and remand for recomputation of the overtime premium due, and entry of an appropriate judgment.

## Background

DeYoung became a meat market manager for Brookshire in 1980. Blackmon joined that select group in 1982. They were promoted with the understanding that they would be paid a fixed weekly salary, and would work whatever number of hours were required to get the job done. Each was aware that the fixed weekly compensation would not fluctuate with the hours worked.

Prior to their promotion each was a journeyman meatcutter, a craft-level reached after successful completion of the required apprenticeship. With the new positions came new obligations requiring additional talents and efforts. They could no longer devote all of their time to the practice of their meatcutting craft, for they then had certain management-related responsibilities.

As meat market managers each was responsible for ordering and merchandising the product, maintaining product quality and cleanliness in the meat market area, evaluating applicants for employment in the meat market, orienting, monitoring, and counseling new employees, and scheduling work times and assignments. For both, however, the principal duty remained the preparation of the product for sale. That duty encompassed everything from unloading trucks to cutting, wrapping, displaying, and rotating the meat; all being routine, journeyman meatcutter tasks.

Dissatisfied with the irregular but consistently long hours, they first sought the assistance of the Department of Labor and then filed the instant suit, seeking overtime compensation, liquidated damages, and attorney's fees. Brookshire maintains on appeal that Blackmon and DeYoung were exempt as either executive or administrative employees and, in any event, that the district court erred in determining the period of payment and the computation methodology.

## Analysis

Brookshire's challenge to the district court's factual findings relative to work tasks and responsibilities founders unless it can demonstrate that those findings are clearly erroneous. Fed.R.Civ.P. 52(a). The "determination as to whether an employee is exempt under the Act is primarily a question of fact which must be reviewed under the clearly erroneous standard ...." *Cobb v. Finest Foods, Inc.*, 755 F.2d 1148, 1150 (5th Cir.1985). An appellate court may reverse such findings only when "a review of the entire evidence leaves us with 'the definite and firm conviction that a mistake has been committed.'" *Id.*, *quoting United States v. United States Gypsum Co.*, 333 U.S. 364, 397, 68 S.Ct. 525, 543, 92 L.Ed. 746 (1948).

■ Exemptions from the FLSA are to be construed narrowly against the employer, *Mitchell v. Kentucky Finance Co.*, 359 U.S. 290, 79 S.Ct. 756, 3 L.Ed.2d 815 (1959), who carries the burden of proof to establish the exemption. *See Idaho Sheet Metal Works v. Wirtz*, 383 U.S. 190, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966).

There are two tests for determining whether a person qualifies as an exempt executive, the long test, 29 C.F.R. § 541.1, and the short test, 29 C.F.R. § 541.119. The long test requires that the employee be principally engaged in management, direct the work of two or more employees, have authority to hire and fire, regularly exercise discretionary powers, be paid at least $155 per week, and not devote more than 40% of the workweek to activities not closely or directly related to management. The short test qualifies an employee as an executive if the employee is not a mechanic, carpenter, or other craftsman, and earns more than $250 per week.

■ The district court found that Blackmon and DeYoung were not exempt under the long test because their primary job was cutting meat, not managing the market, and they spent more than two-thirds of each workweek in non-management activities. The court found that the short test afforded Brookshire no surcease because Blackmon and DeYoung were craftsmen regularly and routinely practicing their meatcutting craft. These findings by the trial court are supported by substantial evidence

and thus are not clearly erroneous. These findings control the disposition of this appeal.

■ Brookshire also advances the claim that Blackmon and DeYoung were exempt as administrative employees. 29 C.F.R. § 541.2. That exemption requires that the employee's primary duty be "[t]he performance of office or nonmanual work directly related to management," 29 C.F.R. § 541.2(a)(1). The district court's factual finding that the plaintiffs' principal duty was cutting meat and that they devoted more than 40% of each workweek to non-administrative tasks negates this contention. 29 C.F.R. § 541.2(d); 29 C.F.R. § 541.214.

The record sufficiently supports the district court's finding that Blackmon and DeYoung were non-exempt employees and, as such, entitled to overtime compensation under Section 7 of the FLSA, 29 U.S.C. § 207. We affirm that portion of its judgment. However, an intervening decision of this court, *Peters v. City of Shreveport, infra,* changes the standard for determining the period of time for which overtime compensation may be awarded. In addition, the district court erred in its method of computing the weekly premium due. We, therefore, vacate that part of the judgment and remand for recomputation and entry of an appropriate judgment, consistent with the following.

### Limitations Period

■ The statute of limitations governing recovery of due but unpaid wages is 29 U.S.C. § 255 which provides in pertinent part that:

> every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued. . . .

The district court applied the three-year period, despite finding that Brookshire acted in good faith, because Brookshire's conduct constituted a willful violation as defined in *Coleman v. Jiffy June Farms, Inc.,* 458 F.2d 1139 (5th Cir.1972), and progeny. The *Jiffy June* test, however, is no longer the law of this circuit.

In *Peters v. City of Shreveport,* 818 F.2d 1148 (5th Cir.1987), we noted that the decision in *Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed. 2d 523 (1985), overturned our construction of willful under the FLSA. After citing our earlier decision in *Salazar–Calderon v. Presidio Valley Farmers Assoc.,* 765 F.2d 1334 (5th Cir.1985), the *Peters* court held that *"Thurston's* rejection of *Jiffy June's* 'in the picture' standard as too broad an interpretation of the word 'willful' in the ADEA argues strongly that 'willful' should receive a similar interpretation in the FLSA." 818 F.2d at 1168. The test to be applied is the *Thurston* "reckless disregard" standard. *Halferty v. Pulse Drug Co.,* 826 F.2d 2 (5th Cir.1987); *Peters.*

The trial court's finding that Brookshire acted in good faith negates any suggestion that Brookshire acted in reckless disregard of the rights of Blackmon and DeYoung. The appropriate period of limitations, therefore, is two years.

### Method of Computing Overtime

■ The trial court incorrectly computed the weekly overtime premium. The court divided the weekly salary by 40 hours, multiplied that result by 1.5, and then multiplied again by the number of hours worked over 40 in the fluctuating workweeks. That method is inappropriate when the employer and employee have agreed on a fixed salary for varying hours. 29 C.F.R. § 778.114(a),[1] 29 C.F.R. § 778.109.

The correct method calls for dividing the actual hours worked each workweek into the fixed salary. This results in a determination of the regular rate of pay, Section 6

---

**1.** This section is inapplicable if dividing the number of hours actually worked into the fixed salary results in an hourly rate below the minimum established by Section 6 of the Act, 29 U.S.C. § 206. In such an instance, the minimum wage must be paid and that minimum serves as the regular rate of pay for purposes of computing overtime payments.

compensation, for that workweek. The overtime payment for that week is then determined by multiplying all hours over 40 in the workweek by ½ the regular rate for that workweek. The amount due each plaintiff will be the sum total of each workweek's overtime during the two-year period of limitations.

For these reasons, the judgment of the district court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent herewith.