Terry W. COX, Plaintiff–Appellant
Cross–Appellee,

v.

BROOKSHIRE GROCERY COMPANY,
Defendant–Appellee Cross–Appellant.

No. 90–4042.

United States Court of Appeals,
Fifth Circuit.

Dec. 19, 1990.

Leroy H. Scott, Jr., Roy L. Brun, Shreveport, La., for plaintiff-appellant, cross-appellee.

James R. Madison, Jeffrey W. Weiss, Wiener, Weiss, Madison & Howell, Shreveport, La., for defendant-appellee, cross-appellant.

Before WISDOM, GEE, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Plaintiff Terry W. Cox, a meatcutter by trade, appeals the district court's calculation of damages awarded to him under Section 16 of the Fair Labor Standards Act ("the Act"). Defendant Brookshire Grocery Company cross-appeals as to the district court's award of attorney's fees to Mr. Cox. We conclude that the district court used the correct methodology in computing Mr. Cox's overtime compensation and did not abuse its discretion in awarding attorneys fees; therefore we affirm.

### Facts and Procedural History

When Brookshire hired Mr. Cox in 1974, it classified him as an hourly employee, not exempt from the overtime requirements of the Act. It accordingly paid him straight time for hours worked up to forty per week and time and one-half for hours worked in excess of forty. In March 1984, Brookshire offered Mr. Cox a position as a meat market manager trainee in a new store. Mr. Cox accepted the job with the knowledge that he would then be a salaried employee rather than "on the clock." Mr. Cox remained on a salary until October 19, 1985, when Brookshire again classified him as a non-exempt employee.

In March 1987, Mr. Johnny Bishop, an investigator for the Wage and Hour Division of the Department of Labor, notified Brookshire that it owed Mr. Cox overtime compensation totaling $1,698.30 for the period from April 6, 1985 through October 19, 1985. Brookshire acquiesced in the department's findings and tendered the full amount to Mr. Cox.

Refusing to accept the payment, Mr. Cox filed suit against Brookshire, seeking $35,596 in overtime compensation, liquidated damages and attorney's fees. After a one day trial, the district court awarded Mr. Cox $1,281.95 for unpaid overtime compensation from April 6, 1985 through October 19, 1985 plus interest from the date of judgment, rejected his request for unpaid wages for an additional year, and refused to award liquidated damages. In addition, the district court awarded attorney's fees of $9,250 to Mr. Cox's attorneys.

Mr. Cox now appeals, contending that: (1) the district court erred in using a two-year limitations period rather than a three-year period for determining the relevant overtime dates; (2) the district court erred in calculating Mr. Cox's "regular rate" of hourly compensation; (3) the district court erred in not awarding liquidated damages; (4) the district court erred in not awarding interest from the date overtime accrued; and (5) the district court erred in not awarding the total requested attorney's fees.

Brookshire cross-appeals with respect to the attorney's fees.

### Calculation of Overtime

Mr. Cox first alleges that Brookshire owes him an additional year's overtime pay because his claim is governed by a three year period of limitations—rather than by the two year period used by the district court. The relevant statute, 29 U.S.C. § 255, provides:

Every action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three

years after the cause of action accrued . . .

Mr. Cox relies on the "willful violation" exception to the normal two year period to support his claim. To prove a willful violation, Mr. Cox must show that the employer either knew or showed reckless disregard as to whether its conduct was prohibited by the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988). The Supreme Court adopted the knowledge or reckless disregard standard for "willfulness" in *Transworld Airlines v. Thurston*, 469 U.S. 111, 105 S.Ct. 613, 83 L.Ed.2d 523 (1985).

Mr. Cox contends that *Thurston* and its progeny do not apply to his case and seeks to resurrect our own court's former willfulness inquiry, developed in *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139, 1142 (5th Cir.1972). To re-examine the *Jiffy June* test would be an exercise in futility; *McLaughlin* squarely batted *Jiffy June* from a plaintiff's reach; and we have more than once stated that "the *Jiffy June* test is no longer the law of this circuit." *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138 (5th Cir.1988); *see also Halferty v. Pulse Drug Co.*, 826 F.2d 2 (5th Cir.1987); *Peters v. City of Shreveport*, 818 F.2d 1148 (5th Cir.1987).

■ The district court applied the *Thurston* standard to Mr. Cox's claim and found no evidence that Brookshire's violation of the Act was willful. Mr. Cox contends that the district court's conclusion is clearly erroneous in view of Brookshire's "on-again/off-again" jump from an hourly rate to a salary. We do not agree. The district court found an adequate explanation for Brookhire's decision to return Mr. Cox to an hourly rate in its counsel's advice to make the switch in light of the *Blackmon* litigation, a case involving facts almost identical to Mr. Cox's situation. Brookshire concedes that Cox's original reclassification to salaried status did not comply with the Act. The district court, however, found that Brookshire's actions were in good faith and that Mr. Cox produced no evidence of willfulness. The district court

therefore imposed a two year limitations period.

We conclude that the district court's finding of an absence of willfulness is not clearly erroneous. The burden is on Mr. Cox to prove that Brookshire made its initial salary decision in reckless disregard of the Act. Here, the district court found that Brookshire offered reasonable and prudent justifications for its decision, in light of various additional job responsibilities attendant to Mr. Cox's salaried status. Other than urging that we adopt a presumption that Brookshire intended the consequences of its deliberate acts, Mr. Cox offers no counter to the district court's findings. Cox presumes too much—Brookshire's actions will only be deemed willful if they are proved so—and no presumption may circumvent the patent willfulness requirement explicit in § 255.

■ Having decided that the district court correctly applied the two year limitations period, we now address Mr. Cox's contention that the district court failed to award the full amount of overtime pay included in the two year period. Mr. Cox filed his lawsuit on April 24, 1987—thus, the limitations period ran back to April 24, 1985. The district court awarded overtime pay beginning April 27, 1985 because April 24th fell in the middle of a pay period. Mr. Cox asks that the entire previous pay period, which falls beyond the limitations period, be included in the overtime calculation, for an additional $115.38 in overtime. We conclude that the district court was correct in refusing to extend overtime compensation beyond the limitations period. Mr. Cox stipulated to the district court the number of hours of overtime he worked during the two year period; he may not now on appeal assert that he is owed for another pay period, only three days of which fall within the proper time frame.

■ Mr. Cox also complains that the district court's rote mathematical overtime calculation using the "regular rate" method was inappropriate because Mr. Cox undertook no new or different duties as a result of his promotion to meat market manager trainee. We disagree. The dis-

trict court correctly computed Mr. Cox's overtime rate by dividing his actual hours worked each workweek into his fixed salary and multiplying this rate by one and one half the number of overtime hours worked weekly. Our court directed that overtime be calculated in this manner in *Blackmon*, and there we made no distinction in the overtime formula based on job responsibility. 835 F.2d at 1138. Mr. Cox attempts to distinguish *Blackmon* on the basis that Brookshire promoted the defendant employee in *Blackmon* to meat market manager, rather than to manager trainee. Mr. Cox fails to enlighten us, however, as to why this factual distinction requires a different method of overtime calculation. We conclude that it does not.

### Liquidated Damages

Mr. Cox contends that he should receive liquidated damages in addition to the overtime compensation awarded by the district court. A finding that the employer did not act willfully does not preclude an award of liquidated damages. *LeCompte v. Chrysler Credit Corp.*, 780 F.2d 1260, 1262–63 (5th Cir.1986). Rather, the language of § 216 is mandatory with regard to liquidated damages. The Portal–to–Portal Act, 29 U.S.C. § 260, however, allows a district court to exercise its discretion to refuse liquidated damages if the employer proves that "the act or omission giving rise to such action was in good faith and he had reasonable grounds for believing that his act or omission was not a violation of the [Act] ..." Here, the district court refused to award liquidated damages. Mr. Cox contends that this was error because Brookshire produced no evidence of the required "reasonable grounds."

Mere ignorance of the provisions of the Act is an insufficient ground to defeat the "reasonable grounds" exception authorized by § 260. *Barcellona v. Tiffany English Pub*, 597 F.2d 464, 468–69 (5th Cir.1979). Brookshire does not plead ignorance, but responds that it reasonably believed, in good faith, that Mr. Cox's position as a meat market manager trainee was exempt from the Act. Brookshire moreover directs our attention to the *Blackmon* case, in which we affirmed the district court's decision to refuse liquidated damages to a plaintiff suing Brookshire under essentially similar factual circumstances.

■ We conclude that the district court did not clearly err in refusing liquidated damages. The district court's memorandum opinion correctly states the relevant law. Applying that standard, the district court made the credibility determination that Brookshire acted in good faith and with reasonable grounds. Mr. Cox properly asserts that the district court has discretion to deny liquidated damages only if it finds both elements present. The evaluation of the evidence supporting the two requirements, however, is also a discretionary determination. *See Peters v. City of Shreveport*, 818 F.2d 1148, 1167 (5th Cir. 1987). Here the district court found Brookshire's belief that meat market manager trainees were exempt from the Act to be completely reasonable, given the similar duties of the manager trainees to the full-fledged meat market managers. We find no clear error in the district court's conclusion.

### Interest

■ Mr. Cox cites *Brennan v. City Stores, Inc.*, 479 F.2d 235, 241–42 (5th Cir. 1973) to support his contention that he is due pre-judgment interest. *Brennan*, however, involved an action brought under 29 U.S.C. § 217. Mr. Cox asserts his claim under § 216. We have held that pre-judgment interest is not available for § 216 claims. *Peters*, 818 F.2d 1148 at 1167; *Marshall v. Hope Garcia Lancarte*, 632 F.2d 1196, 1198–99 (5th Cir.1980). The district court did not err in denying pre-judgment interest.

### Attorney's Fees

Both Brookshire and Mr. Cox quarrel with the amount of attorney's fees awarded to Cox's attorneys. Mr. Cox concedes, however, that he is not entitled to additional attorney's fees should his appeal prove unsuccessful. We thus focus our attention

on Brookshire's contention that Mr. Cox's attorneys should not receive any fees.

Pursuant to § 16(b) of the Act, the district court awarded attorney's fees totaling $9,250. The award is based on its estimate that the case required 80 hours of work, multiplied by an average of the customary rates for the locality. It found that, although the case was not simple, it did not require the 300 hours to litigate claimed by Cox's attorneys.

■ Brookshire first contends that attorney's fees are precluded under Federal Rule of Civil Procedure 68[1] because its settlement offer of $1,698 exceeded the $1,181 judgment ultimately rendered by the district court. The district court found that Brookshire's original offer was an offer of compromise and not an offer of judgment. A defendant's offer of compromise before the commencement of an action is not an offer under Rule 68, and therefore Brookshire's higher settlement offer does not preclude an award of fees to Cox's attorneys. *See Maguire v. Federal Crop Ins. Corp.*, 181 F.2d 320, 322 (5th Cir.1950); 12 Wright & Miller, *Federal Practice & Procedure* § 3003.

■ Brookshire next contends that the award of attorney's fees is inappropriate: In its view Cox's attorneys were not "successful" in their action against Brookshire because the resulting judgment was less than Brookshire's initial settlement offer. Section 216(b), however, makes attorney's fees contingent only upon a judgment for the plaintiff; and cases in our circuit awarding fees to a "successful" plaintiff require nothing in addition to the § 216(b) requirements. The plaintiff's ultimate recovery is an important factor in determining the *amount* of fees to be awarded, but even a nominal judgment under § 216(b) does not altogether remove the fee issue from evaluation by the district court.

■ Brookshire maintains that even should an award of attorney's fees be ap-

propriate here, the amount awarded by the district court was excessive in light of Mr. Cox's limited success. ·The relative success of the party seeking attorney's fees is a critical factor in determining the amount to be awarded. *Marek v. Chesny*, 473 U.S. 1, 9, 105 S.Ct. 3012, 3016, 87 L.Ed.2d 1 (1985). Brookshire, however, faces our narrow standard of review—we examine only whether the district court abused its discretion in awarding the amount of fees it did. *See Hendrick v. Hercules*, 658 F.2d 1088, 1097 (5th Cir.1981). In its memorandum opinion, the district court properly articulated the factors to be considered in our Circuit in determining the amount of attorney's fees and cited support in the record for the amount which it awarded. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir.1974). It found that Mr. Cox's action could not be characterized as vexatious, but concluded that the action did not warrant the hours claimed by Mr. Cox's attorneys. We conclude that the district court did not abuse its discretion in awarding $9,250 in fees to Mr. Cox's attorneys.

### Conclusion

The district court faithfully applied the law of the Supreme Court and of our Circuit in determining the appropriate statute of limitations, calculating overtime amounts, and awarding attorney's fees. The judgment of the district court is therefore

AFFIRMED.

---

1. Rule 68 provides in relevant part:
   At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken.... If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.