**Stephen SAIZAN, Russell Hooge, and Rodolfo Garcia**

v.

**DELTA CONCRETE PRODUCTS COMPANY, INC. and ABC Insurance Company**

**No. CIV.A. 00–598–B–M1.**

United States District Court, M.D. Louisiana.

June 20, 2002.

---

**47.** *Abraham* at 1132, *citing* 29 U.S.C. § 1132(c)(1)(B).

**48.** *Id.*

**49.** Rec. Doc. No. 86.

Stephen C. Carleton, James Elwood Moore, Jr., Faye Dysart Morrison, Simoneaux, Carleton, Dunlap & Olinde, L.L.C., Baton Rouge, LA, for plaintiffs.

Thomas Robert Peak, Gerald Michael Pharis, Taylor, Porter, Brooks & Phillips, Baton Rouge, LA, for defendant.

### *RULING*

POLOZOLA, Chief Judge.

The parties have filed cross motions for partial summary judgment [1] on the issue of what method should be used for calculating overtime compensation under the Fair Labor Standards Act ("FLSA"). For reasons which follow, the Court finds that under Fifth Circuit precedent, the "fluctuating workweek" method of calculation is applicable.

In revealing its decision, the Court believes the Fifth Circuit has adopted this method of calculating overtime pay under the provisions of 29 C.F.R. § 778.114 and the facts of this case. [2]

Plaintiffs' reliance on *Cox v. Brookshire Grocery Company* [3] is misplaced. While it is true that the Fifth Circuit did state that the "district court correctly computed Mr. Cox's overtime rate by dividing his actual hours worked each workweek into his fixed salary and multiplying this rate by one and one half the number of overtime hours worked weekly," [4] the district court opinion indicated that the district Judge used the fluctuating workweek method and followed the *Blackmon* decision. The district Judge stated that "the appropriate method of computing plaintiff's weekly overtime premium is set forth in *Blackmon, supra* at 1138–39. This method calls for dividing the actual hours worked each week into plaintiff's fixed salary of $510 per week. This results in a determination of the regular rate of pay for that work week. The overtime payment for that week is then determined by multiplying all hours over 40 in the work week by one half the regular rate for that work week." [5]

---

1. Rec. Doc. Nos. 23 and 27.

2. *Yadav v. Coleman Oldsmobile*, 538 F.2d 1206 (5th Cir.1976)(and cases cited therein); *Blackmon v. Brookshire Grocery Company*, 835 F.2d 1135 (5th Cir.1988); *Samson v. Apollo Resources*, 242 F.3d 629 (5th Cir. 2001).

3. 919 F.2d 354 (5th Cir.1990).

4. *Id.*, at 357. If indeed the Fifth Circuit panel in *Cox* ruled that the time and one-half rule applied in that case, the conflict between the panels of the Fifth Circuit in *Cox* and *Blackmon* has to be resolved by an en banc panel of the Fifth Circuit. This Court chooses to follow the Fifth Circuit decision in *Yadav* which affirmed an opinion written by this Court which applied the fluctuating work week method.

5. Opinion unpublished; District court, p. 6.

Plaintiff also relies on *Rainey v. American Forest and Paper Assoc.*[6] The Court chooses and is indeed bound by decisions rendered by the Fifth Circuit rather than a district court opinion from the District of Columbia.

Therefore, if liability is found in this case, the Court will use the fluctuating workweek formula to compute the overtime wages due to the plaintiffs.

IT IS SO ORDERED.