United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 30, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-21091
Summary Calendar

MAGGIE HOWE, On Behalf of Herself and Others Similarly Situated,

Plaintiff - Appellee,

VERSUS

HOFFMAN-CURTIS PARTNERS LTD., LLP, HOFFMAN-CURTIS PARTNERS LTD.,
HOFFMAN-CURTIS, P.A., HORIZON RADIOLOGY, P.A., DR. FRANK C. POWELL,
AND DR. HANS H. TRUONG

Defendants - Appellants.

Appeal from the United States District Court
for the Southern District of Texas, Houston Division
4:03-cv-04298

Before DAVIS, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

In this appeal, Defendants-Appellants challenge the district court's award of attorney fees

to the successful plaintiff on her F.L.S.A. claims as excessive. The plaintiff was awarded

$23,357.30 in damages and $129,805.50 in attorneys' fees.

We review the District Court's award of attorney's fees for abuse of discretion and its

factual findings for clear error. Saizan v. Delta Concrete Prods. Co., 448 F.3d 795, 800 (5th Cir.

2006). There is a strong presumption that the lodestar award established by the district court is

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

the reasonable fee. <u>Heidtman v. County of El Paso</u>, 171 F.3d 1038, 1044 (5th Cir. 1999). The defendants have raised no arguments sufficient to overcome this presumption. We do not consider the defendants' arguments based on alleged faulty billing records because they were not raised in the district court. The district court considered the degree of success obtained by Howe on her claims in its reduction of the requested fee for time related to her unsuccessful attempt to pursue the case as a collective action. The failure of Howe to recover overtime pay for every overtime hour originally claimed does not require a reduction of the lodestar award. <u>Singer v. City of Waco</u>, 324 F.3d 813, 829-830 (5th Cir. 2003). Finally, based on our review of the record presented to the district court, the court did not clearly err in concluding that the balance of the hours and fees requested by Howe's attorneys were reasonable and necessary to the pursuit of her F.L.S.A. claim, particularly noting the length of time it took to bring the case to trial. Given the nature of claims under the F.L.S.A., it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples. See <u>Fegley v. Higgins</u>, 19 F.3d 1126, 1134-35 (6th Cir. 1994)(Affirming award of $7,680 in overtime compensation and $40,000 in attorneys' fees.); <u>Cox. V. Brookshire Grocery Co.</u>, 919 F.2d 354, 358 (5th Cir. 1990)(Affirming award or $1,181 in overtime compensation and $9,250 in attorneys' fees.); <u>Bonnette v. Cal. Health & Welfare</u>, 704 F.2d 1465, 1473 (9th Cir. 1983)(Affirming award of $18,455 in damages and $100,000 in attorneys' fees.). The district court was in the best position with its superior understanding of the litigation to judge the appropriateness of the fee award. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 103 S.Ct. 1933, 1941 (1983). Finding no abuse of discretion, we affirm. AFFIRMED.