**Enrique R. TORRES, Plaintiff**

v.

**BACARDI GLOBAL BRANDS PROMOTIONS, INC.,**
Defendant.

No. 06–20689–CIV–JORDAN.

United States District Court,
S.D. Florida,
Miami Division.

April 4, 2007.

---

Richard D. Lara, Mase & Lara, Miami, FL, for Plaintiff.

Kristen L. Sampo, Fisher & Phillips, Fort Lauderdale, FL, for Defendant.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

JORDAN, District Judge.

Mr. Torres claims that Bacardi violated the Fair Labor Standards Act, 29 U.S.C. § 201, et. seq. ("FLSA") by failing to pay him for overtime hours worked in excess of forty per workweek. More specifically, Mr. Torres claims that Bacardi misclassified him as an exempt employee and, as the result of the misclassification, owes Mr. Torres three years of unpaid overtime.[1]

The parties do not agree on the appropriate method for computing overtime in the event Mr. Torres is found to be a non-exempt employee at trial. Mr. Torres contends that his weekly salary must be divided by forty hours to determine his "regular rate" and that he is entitled to time and one-half his regular rate for all hours worked in excess of forty per workweek. Bacardi, however, filed the instant motion for summary judgment, arguing that the appropriate method of computing overtime in a failed exemption case is to divide the employee's salary into all of the hours he worked in the workweek to determine the employee's regular rate because the salary is intended to cover all of the employee's working hours. I agree with Bacardi. As a result, Bacardi's motion for partial summary judgment [D.E. 47–1] is GRANTED.

## SUMMARY JUDGMENT

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there are no genuine issues as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R.Civ.P. 56(c). "In determining whether an issue of fact is 'genuine' for the purpose of defeating summary judgment, we ask whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Hudgens v. Bell Helicopters/Textron*, 328 F.3d 1329, 1344–45 (11th Cir.2003) (citations omitted). Once the moving party meets its burden of showing the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to submit sufficient evidence to rebut the showing with affidavits or other relevant admissible evidence. *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir.1991).

## DISCUSSION

The statutory mandate for the payment of overtime under the FLSA is as follows:

> Except as otherwise provided in this section, no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment at a rate not less than one and one-half times the regular rate at which he is employed

29 U.S.C. 207(a)(1). In *Overnight Motor Transportation Company v. Missel*, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682, the Supreme Court held that the employee's "regular rate" would be determined by dividing the number of hours actually worked by the weekly wage. *Id.* at 580 n. 16, 62 S.Ct. at 1221 n. 16. *See also Kohlheim v. Glynn County, Ga.*, 915 F.2d 1473,

---

1. The parties agree that issues of triable fact exist with respect to Mr. Torres' exempt status.

1480 (11th Cir.1990) ("[regular rate = salary for work period / total hours worked in work period]"). As a result, a non-exempt employee who receives a weekly salary for all hours worked has, by definition, already been paid his "regular rate" for all hours worked in the workweek. Thus, a salaried employee is only owed half-time for any hours worked in excess of forty per workweek.[2]

*Blackmon v. Brookshire Grocery Co.,* 835 F.2d 1135, 1137 (5th Cir.1988), is particularly instructive.[3] In that case, two meat market managers "were promoted with the understanding that they would be paid a fixed weekly salary, and would work whatever number of hours were required to get the job done." After finding that the plaintiffs were not exempt under either the executive or administrative exemption, the Fifth Circuit turned to the issue of computing the plaintiffs' overtime for the hours worked in excess of forty per workweek. *Id.* at 1137–38. It found that the district court incorrectly computed the weekly overtime premium when it divided the plaintiffs' weekly salary by forty hours, multiplied the resulting hourly rate by 1.5, and then multiplied by the number of hours over forty worked by the plaintiffs in the workweeks in question. In reversing the district court, the Fifth Circuit held that "the correct method calls for dividing the actual hours worked each workweek into the fixed salary. This re-

sults in a determination of the regular rate of pay...for that workweek. The overtime payment for that week is then determined by multiplying all hours over 40 in the workweek by 1/2 the regular rate for that workweek." *Id.* I find Blackman (and cases like it) persuasive, particularly since Mr. Torres does not cite any conflicting authorities.

In this case, Mr. Torres was paid a fixed salary that he received no matter how many hours he worked in a given week. Therefore, if Mr. Torres is rendered to be a non-exempt employee, his overtime must be computed by (1) dividing his weekly salary by the total number of hours worked in each given week (his "regular rate"), and then (2) after determining his regular rate for a given week, Mr. Torres' overtime damages would be one-half his regular rate multiplied by the number of overtime hours worked in that week.

In response, Mr. Torres posits that "the controversy before this court on this motion is whether the fluctuating work week method ("FWW") scheme can be used remedially where an employer mis-classified an employee's hours, and where the employer never paid overtime premiums to the employee during the relevant time period (i.e. a failed exemption scenario)." In doing so, Mr. Torres improperly characterizes Bacardi's theory. Unlike the employee in *Rainey v. American Forest and Pa-*

---

**2.** "[V]irtually every court that has considered the question" has upheld the remedial use of half-time in failed exemption cases. *Sutton v. Legal Services Corp.,* 11 W.H Cas.2d 401, 404 (D.C.Sup.2006).

**3.** Although there does not appear to be an Eleventh Circuit case directly on point, Bacardi points to cases other than *Blackmon* from numerous other federal district and circuit courts around the country that have consistently upheld the remedial use of half-time

in failed exemption cases. *Valerio v. Putnam Assoc., Inc.,* 173 F.3d 35 (1st Cir.1999). *See also Fegley v. Higgins,* 19 F.3d 1126 (6th Cir.); *Blackmon v. Brookshire Grocery Co.,* 835 F.2d 1135 (5th Cir.1988); *Brennan v. Valley Towing Co., Inc.,* 515 F.2d 100 (9th Cir.1975); *Yellow Transit Freight Lines, Inc. v. Balven,* 320 F.2d 495 (8th Cir.1963); *Donihoo v. Dallas Airmotive, Inc.,* 1998 WL 47632 (N.D.Tex. 1998).

*per*, 26 F.Supp.2d 82 (D.D.C.1998), Bacardi does not rely on the FWW method as its basis for contending that Mr. Torres' back pay, if any, should be computed by half-time. Rather, Bacardi argues that because Mr. Torres has already received his regular rate for all hours worked, he is entitled to half-time for those hours worked in excess of forty per week.

If Mr. Torres is deemed a non-exempt employee, I conclude that half-time is the appropriate method for calculating his overtime pay.

### CONCLUSION

For the foregoing reasons, Bacardi's motion for partial summary judgment [47–1]

is GRANTED. Trial will start at 9:00 a.m. on Tuesday, April 10, 2007. If the parties settle, they must notify chambers no later than 3:00 p.m. on Monday, April 9, 2007, in order to avoid having to each pay half of the fees for the jurors summoned. *See* Local Rule 47.1(B).