# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50115

United States Court of Appeals
Fifth Circuit

**FILED**

March 25, 2015

Lyle W. Cayce
Clerk

DANA D. MOHAMMADI,

      Plaintiff - Appellee

v.

AUGUSTINE NWABUISI; ROSE NWABUISI; RESOURCE HEALTH SERVICES, INCORPORATED, doing business as Resource Home Health Services, Incorporated; RESOURCE CARE CORPORATION,

      Defendants - Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CV-42

Before BARKSDALE, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

      Primarily at issue in this action under the Fair Labor Standards Act (FLSA) is which of two limitations periods applies:  two years for an ordinary, or three years for a willful, violation.  On cross-motions for summary judgment in Dana D. Mohammadi's FLSA action against former employers Augustine Nwabuisi, Rose Nwabuisi (Nwabuisi), Resource Health Services and Resource

---

    * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 14-50115

Care Corporation (collectively Resource), *see generally* 29 U.S.C. § 201 *et seq.*, the district court, *inter alia*, awarded Mohammadi partial summary judgment on liability, liquidated damages, and the three-year limitations period, and awarded her damages following a bench trial. Resource challenges these decisions. **AFFIRMED IN PART; REVERSED IN PART; REMANDED**.

## I.

Mohammadi worked for Resource from June 2009 to October 2010, and in November 2011, as a licensed vocational nurse case manager, which required her to perform and coordinate marketing functions, skilled-nursing visits, and provider visits to the elderly or infirm. Among other work-related items, she attended events, lunches, and dinners outside of the normal eight-hour shift she was expected to work (with 30 minutes allowed for lunch), which she asserts comprises uncompensated work hours, and which Nwabuisi counters were social engagements. Nwabuisi accompanied her during several of these activities. It is undisputed that Resource's written policies prohibit overtime compensation without prior authorization, and that Mohammadi did not obtain it.

In claiming, *inter alia*, Resource failed to pay her overtime wages, in violation of the FLSA, Mohammadi challenges, *inter alia*, Resource's overtime-prohibition policy, asserting she worked overtime for which she was not properly compensated. The court awarded her partial summary judgment on, *inter alia*, liability, liquidated damages, and the applicable limitations period (ruled three, instead of two, years applied). (The court awarded summary judgment for Resource on several points; they are not at issue here.) Following a bench trial, the court made detailed findings of fact and conclusions of law in awarding Mohammadi damages.

No. 14-50115

## II.

At issue are the partial summary judgment granted Mohammadi on FLSA liability, liquidated damages, and the three-year limitations period, as well as the damages awarded following the bench trial.

## A.

A summary judgment is reviewed *de novo*, by the same standards as applied by the district court. *E.g., Rogers v. Bromac Title Servs., L.L.C.*, 755 F.3d 347, 350 (5th Cir. 2014) (citation omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R. Civ. P. 56(a). "The evidence should be viewed in the light most favorable to the non-moving party, and this court should refrain from making credibility determinations or from weighing the evidence." *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (citation and quotation marks omitted). A genuine dispute of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party". *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Concerning the applicable standard of review, in its post-bench-trial findings and conclusions on damages, the court referenced its partial summary judgment on two points: liquidated damages; and the limitations period. For the former, it stated that Resource failed to present any evidence during the trial to call into question the summary judgment on that point. For the latter, it simply noted that, as concluded in the summary judgment, the limitations period was three years. These comments about the two points do not establish they were re-tried in the bench trial. Accordingly, the above-discussed *de novo* review applies for the partial summary judgment awarded Mohammadi not only for liability, but also for these two points.

3

No. 14-50115

**1.**

For the FLSA liability and liquidated-damages issues, the summary judgment is affirmed essentially for the reasons stated by the district court in its detailed and well-reasoned opinion. *Mohammadi v. Nwabuisi*, No. 5:12-CV-00042-DAE, slip op. at 23-31 (N.D. Tex. 10 May 2013).

**2.**

For the limitations-period issue, however, and as discussed below, genuine disputes of material fact preclude summary judgment. The issue arises out of FLSA claims being subject to a two-year period for ordinary, but a three-year period for willful, violations. 29 U.S.C. § 255(a). In that regard, although the employer has the burden of demonstrating good faith and reasonableness to avoid assessment of liquidated damages, *e.g., Mireles v. Frio Foods*, 899 F.2d 1407, 1415 (5th Cir. 1990), the employee has the burden of demonstrating willfulness for the three-year limitations period to apply, *e.g., Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir. 1990).

In her deposition, Nwabuisi stated: employees working over 40 hours a week are entitled to time-and-a-half compensation (she was not asked, however, when she acquired that knowledge); and Resource would not pay it without prior approval. Her deposition testimony also reveals her knowledge of Mohammadi's working outside of business hours. But, neither knowledge of the FLSA's potential applicability nor negligent or unreasonable conduct necessarily establishes willfulness. *E.g., McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 132-33 (1988); *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 127-28 (1985); *Mireles*, 899 F.2d at 1416. For example, an employer that "act[s] without a reasonable basis for believing that it was complying with the [FLSA]" is merely negligent, *McLaughlin*, 486 U.S. at 134-35, as is an employer that, without prior notice of an alleged violation, fails to seek legal advice regarding its payment practices, *e.g, Mireles*, 899 F.2d at 1416.

No. 14-50115

In contrast, willfulness occurs where the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute. . . ". *McLaughlin*, 486 U.S. at 133. For example, employers act willfully when they know their pay structures violate the FLSA or ignore complaints brought to their attention. *See, e.g., Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 553 & n.24 (5th Cir. 2009) (citing cases).

For summary-judgment purposes, and consistent with the above-quoted standard from *McLaughlin*, the court ruled Resource knew that, or showed reckless disregard for whether, its policies violated the FLSA. The court improperly construed against Resource, however, that it was on notice of the FLSA violation because it had been in business for over 15 years and was required to comply with federal law. This no more favors a finding of willfulness than a finding of negligence.

The court also found Resource's policy against paying overtime permitted the inference that it violated the FLSA willfully; but, Nwabuisi testified she believed that, because one of Resource's clients – the State of Texas – would not pay overtime for certain nursing services to nursing companies, Resource was exempt from paying its employees overtime even if they worked more than 40 hours in a week. Furthermore, although the court faulted Resource for not consulting an attorney about possible violations, the record is unclear whether Nwabuisi did so. As noted, failure to consult an attorney, without prior notice of alleged FLSA violations, does not constitute willfulness. *E.g., Mireles*, 899 F.2d at 1416. To the extent an earlier FLSA action against Resource, relied upon by Mohammadi in seeking summary judgment, may have put Resource on such notice, that action was settled. In Mohammadi's action, Nwabuisi testified in her deposition that the earlier action was frivolous, and she believed she was not required to pay overtime.

5

No. 14-50115

Viewing the evidence in the requisite light most favorable to Resource, whether the action put Resource on notice is a genuinely disputed material fact.

Genuine disputes of material fact exist for the issue of willfulness. Accordingly, whether the three-year-limitations period applies must be resolved by trial.

**B.**

Regarding the damages award made following the bench trial, evidentiary rulings are reviewed for abuse of discretion. *E.g., Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 660 (5th Cir. 2002), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006). The court's factual findings are reviewed for clear error; its legal conclusions, *de novo. E.g., Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000).

The damages were, *inter alia*, approximately $38,000 each for unpaid wages and liquidated damages. But, obviously, had the two-year-limitations period been applied, the damages would have been less. Essentially for the reasons stated in its findings and conclusions on damages, the district court did not commit reversible error in calculating the amount of damages for each of the three years. *Mohammadi v. Nwabuisi*, No. 5:12-CV-00042-DAE, slip op. (N.D. Tex. 2 Jan. 2014). On the other hand, of course, the damages are subject to modification following trial on the applicable limitations period if the court concludes the two, instead of the three, year period applies. In other words, if the former applies, the damages must be reduced accordingly.

**III.**

For the foregoing reasons, the judgment is **AFFIRMED IN PART** and **REVERSED IN PART**; this matter is **REMANDED** for further proceedings consistent with this opinion.