# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 14, 2020

Lyle W. Cayce
Clerk

No. 20-10219
Summary Calendar

Alondra Portillo, and all others similarly situated
under 29 U.S.C. 216 (b),

*Plaintiff—Appellant*,

*versus*

Kincaid Incorporated; Campuzano Midlothian L.L.C.;
Campuzano Cedar Hill L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:18-CV-1759

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Alondra Portillo contests the district court's denial of liquidated damages and the amount of attorney's fees awarded to her. Because the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-10219

district court did not abuse its discretion in denying liquidated damages and awarding attorney's fees, we AFFIRM.

## I.

Between 2013 and 2018, Alondra Portillo was a hostess and then a food server for Campuzano's Restaurants in Dallas, Texas. Portillo brought claims against Kincaid, Inc., Campuzano Midlothian L.L.C., and Campuzano Cedar Hill L.L.C. (collectively, Portillo's "employer") for failure to pay minimum wages and overtime in violation of the Fair Labor Standards Act (the "FLSA"). Central to Portillo's claim was that her pay stubs reflected that she was paid only $2.13 per hour and that she was never notified that her employer was using the FLSA's "tip credit" to raise her pay to the minimum wage of $7.25 per hour.

A jury found that Portillo's employer had violated the FLSA by failing to pay the applicable minimum wage or overtime, and it awarded Portillo $20,577.27 in damages, but it found that the FLSA violations were not *willful*. The district court awarded Portillo $29,880 in attorney's fees and $4,412.06 in costs. After the jury returned its verdict, Portillo filed a motion for liquidated damages, which her employer opposed. The district court denied Portillo's motion for liquidated damages "for the reasons stated in [the employer's opposition to the motion]" and added a footnote specifying that it "decline[d] to exercise its discretion to award liquidated damages." Portillo filed a timely notice of appeal.

## II.

We review the district court's denial of liquidated damages and award of attorney's fees for abuse of discretion. *Singer v. City of Waco, Tx.*, 324 F.3d 813, 823, 829 (5th Cir. 2003).

No. 20-10219

An employer who violates the FLSA's minimum wage and overtime provisions is liable not only for the unpaid compensation but also for "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). But a district court may decline to award liquidated damages if it finds that the employer acted in "good faith" and had "reasonable grounds" to believe its actions complied with the FLSA. 29 U.S.C. § 260; *Singer*, 324 F.3d at 822-23. An employer faces a "substantial burden" of proving good faith and reasonableness. *Steele v. Leasing Enterprises, Ltd.*, 826 F.3d 237, 246 (5th Cir. 2016) (citing *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990)). "Evaluation of the evidence supporting good faith and reasonableness, however, is a discretionary determination." *Id.* (citing *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990)).

It was not an abuse of discretion for the district court to deny liquidated damages. To begin, although the jury found that Portillo's employer had failed to pay Portillo the minimum wage and overtime, it found that the employer did not *willfully* violate the FLSA. Establishing willfulness requires that the plaintiff show that the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Steele*, 826 F.3d at 248 (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133-34 (1988)). Portillo argues that an absence of willfulness can co-exist with an absence of good faith. Maybe so. But the question, in this case, is not whether the absence of willfulness can co-exist with the absence of good faith but simply whether Portillo's employer satisfied its burden of good faith.

Evidence adduced at trial supports the district court's good-faith determination. Specifically, Portillo's employer's practice was to have its managers inform the employees of how their pay is determined. Her employer also testified that there were posters in different locations such as the kitchens advising employees of their overtime and minimum wage rights.

At least some of these posters were purchased from individuals who visit restaurants and sell posters to them for the very purpose of helping restaurants maintain FLSA compliance. Finally, Portillo's employer had no reason to suspect that it was out of compliance with the FLSA and noted at trial that there had been no complaints from its employees.

## III.

Additionally, Portillo argues that her award of attorney's fees should be increased if liquidated damages are imposed and that the amount of her award was improperly reduced. Because the district court's denial of liquidated damages was not an abuse of discretion, we need not decide whether the attorney's fees awarded to Portillo should be increased on that basis. Portillo's argument that the amount of attorney's fees was improperly reduced is without merit in light of the district court's thorough explanation of the award.

## IV.

For the foregoing reasons, the decision of the district court is AFFIRMED.